Fred J. Lange, Appellee, v. Massachusetts Mutual Life Insurance Company, Appellant.

Gen. No. 37,005.

Opinion filed January 9, 1934.

ECKERT & PETERSON, for appellant; WALTER H. ECKERT, TOM LEEMING and OWEN RALL, of counsel.

TROWBRIDGE, LOWRIE, O'DONNELL & JOHNSTON, for appellee; PAUL O'DONNELL, of counsel.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

This is an appeal from an order of the circuit court of Cook county, denying defendant's motion to dissolve an injunction issued against defendant, restraining it from changing, impairing, beclouding or impeding the rights claimed by complainant under certain

policies of life insurance issued by defendant to complainant. The injunction was issued without notice to defendant. It was upon this ground alone that defendant moved the court below to dissolve the injunction. It was not claimed that complainant's bill was without equity, nor that upon the bill as presented complainant was not entitled to the relief prayed, and there is no such claim urged here.

The charge in the bill is that in April, 1923, defendant issued four policies of insurance to complainant in the sum of $2,000 each. The bill alleges that the policy year of each of the policies began on the 24th of March, 1923, and that the annual premium thereon was payable on or before April 24th of each year thereafter, said last mentioned date being the end of the 31 days of grace. The policies were payable to Bertha Lange, wife of complainant, and to Fred E. Lange, Wallace H. Lange, and Paul W. Lange, sons of complainant. The annual premium on each, as fixed by the policy, was $28.14. Complainant paid the annual premium on all of the policies on or before April 24th of each year to and including the year 1927. Each of the four policies contained the following provision:

"If the insured, before default in the payment of any premium under this policy and before the anniversary of the policy on which his age at nearest birthday is 65 years, shall furnish due proof to the Company at its Home Office that he has become wholly and permanently disabled so that he is and will be permanently, continuously and wholly prevented thereby from performing any work or engaging in any occupation for compensation or profit, the Company will waive the payment of all premiums becoming due under this policy after the expiration of the then current policy year.

"The amount of this policy payable at maturity shall not be reduced by any premiums waived under this provision.

"Provided that, notwithstanding proof of disability may have been accepted by the Company as satisfactory, the insured shall at any time, on demand, furnish due proof to the Company of the continuance of such disability, and if the insured shall fail to furnish such proof all premiums thereafter falling due must be paid in conformity with the conditions of this policy.

"Waiver of premiums by the Company under this provision shall not affect the right to any dividend or other benefit provided in this policy. Values provided under the 'Non-Forfeiture Provisions' shall continue with the same force and effect as if the premiums were duly paid."

Before the annual premium became due in 1927, complainant furnished to defendant proof that he had become wholly and permanently disabled so that he was and would be permanently, continuously and wholly prevented thereby from performing any work or engaging in any occupation for compensation or profit; that upon such proof defendant refused to waive the premium and complainant paid the same under protest. In the year 1928, when complainant was 56 years of age, and before the premium for that year became due, complainant furnished defendant the same character of proof as was furnished for the year 1927. It is stated in the bill that defendant thereupon caused an examination to be made of complainant by a physician, and as a result of this examination, defendant waived the payment of the annual premium due on or before April 24, 1928, and refunded the 1927 premium theretofore paid. It is further stated that before the 1929, 1930 and 1931 premiums became due respectively, complainant again notified defendant that he was still disabled to the extent already claimed, and that defendant then waived the payment of all premiums due for said years; that again in 1932 com-

plainant furnished defendant similar proof of disability; that he was interviewed by a person claiming to be the agent of defendant; that after such interview defendant notified complainant that it refused to waive the premium for the year 1932, and demanded its payment. It is alleged that at that time, complainant was 60 years of age and had become a noninsurable risk and was unable to secure any additional insurance. It is further stated in the bill that by the provisions of the policies defendant had the right to forfeit the same and all rights thereunder for the nonpayment of premiums, and that further by the terms of such policies, complainant could not be reinstated because of his physical condition, as he would be unable to pass the required physical examination, and unless the premiums were paid as demanded by defendant, the policies would be forfeited. Thereupon, under duress, he paid the premiums for the year 1932 amounting to $301.52. The bill states that plaintiff is still suffering such permanent disability, which exempts him from the payment of the premiums on the policies, and that in the year 1933 he again notified defendant of such disability, but that without asking further proof as to complainant's disability, defendant refused to waive the premiums due on April 24, 1933, and has made demand therefor, and threatens to forfeit the said insurance if the premiums are not paid. Upon the filing of the bill, complainant deposited with the clerk of the circuit court of Cook county the sum of $321.60, the total sum demanded by defendant as premiums on the policies for the year 1933, and agreed that it be paid defendant should the court find it entitled thereto. The prayer of the bill filed asks the court to restrain the defendant and its officers from changing, impairing, beclouding or impeding the rights which complainant now has under the policies, and restraining the officers and agents of defendant company from making any

record or entry or document purporting to affect the lapsing or forfeiture of the said insurance policies, until the further order of the court.

The bill herein was sworn to on April 21, 1933; on April 22, 1933, the order of injunction appealed from was entered by the court without notice to the defendant, and without the defendant being in court, and with no showing that complainant would be unduly prejudiced if it were not issued. Appellee calls the attention of the court to certain facts, of which the court will take judicial notice, to wit: that April 21, 1933, was Friday, April 22, Saturday, and April 23, Sunday, and that because of the situation so represented, he was relieved of the necessity required by the statute of serving notice on the defendant of his intended application for the injunction on April 24, 1933. With this, we are unable to agree. The statute provides in terms that "No court, judge or master shall grant an injunction without previous notice of the time and place of the application having been given to the defendants to be affected thereby, or such of them as can conveniently be served, unless it shall appear, from the bill or affidavit accompanying the same, that the rights of the complainant will be unduly prejudiced if the injunction is not issued immediately or without such notice." Cahill's St. ch. 69, ¶ 3. It is apparent that defendant could have been "conveniently served." While it appears from the record that the time for the payment of the premium for 1933 on the insurance policies mentioned expired on April 24, 1933, we are unable to agree with complainant that there is sufficient showing made by either the bill or affidavit attached thereto, to justify the court in issuing this injunction without notice. The reason for the motion to dissolve the injunction, which motion was denied and from which order this appeal is taken, was distinctly restricted to the fact that no notice of the appli-

cation for the injunction had been served on defendant, as required by the statute. Counsel for complainant calls this court's attention to a great many cases in which the Supreme Court and Appellate Court have held that the motion to dissolve an injunction without notice waives the point that no notice was given; that such motion is in the nature of a demurrer to the bill. We have examined all the cases cited by both counsel, together with many others, and we find that in each case where there has been a holding that the motion to dissolve waives the point that the injunction was issued without notice, the motion to dissolve was predicated upon the showing made on the face of the bill, and not on the fact that no notice had been served.

In *Williams v. Chicago Exhibition Co.,* 188 Ill. 19, the Supreme Court said:

"It is strenuously insisted by the defendants in error, that the injunction was dissolved because it was granted without notice to the defendants in the bill. The record does not show, that the injunction was dissolved because no notice was given, before it was granted, that it would be applied for. On the contrary, the final decree or order, entered by the court, recites that a motion was made to dissolve the injunction upon the face of the bill, and that this motion, after argument, was sustained by the court. If, however, there was any irregularity in the original issuance of the injunction, such as failure to give notice, such irregularity was waived by the motion to dissolve upon the face of the bill, inasmuch as such motion operated as a demurrer to the bill."

The order in this case denying the motion to dissolve the injunction is as follows:

"This suit coming on to be heard upon the motion of the defendant, by Eckert & Peterson, its solicitors, to dissolve the temporary injunction heretofore granted herein on the ground that said injunction was

granted without previous notice of the time and place of the application therefor having been given to the defendant, and the Court having heard arguments of counsel and being fully advised in the premises, denies said motion, to which denial the defendant objects."

We see no excuse for complainant's failure to give notice as required by the statute, and are unable to agree with counsel, that the motion to dissolve in this case waived the notice.

For this reason, the order for injunction is reversed and remanded.

*Reversed and remanded.*

WILSON and HEBEL, JJ., concur.