John Sheehy, Appellee, v. Mary Sheehy Koerber and Edward Koerber, Appellants.

Gen. No. 38,613.

544

Opinion

filed November 30, 1935.

AARON SOBLE, of Chicago, for appellants; IRVING GOODMAN, of Chicago, of counsel.

HENRY P. HEIZER, of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

August 27, 1935, John Sheehy filed his complaint, accompanied by an affidavit, against the defendants and the next day, upon his motion, the court entered an order restraining the defendants from opening any safety deposit box "in the Chicago City Bank and Trust Company, or in any other safety deposit vault,"

and from withdrawing any moneys on deposit in any bank to the credit of either of them. It was further ordered that for good cause shown the injunction issue without bond and without notice. Two days later, August 30th, the defendants entered their appearance and on September 4th following filed their written motions (1) to dismiss the complaint, and (2) to dissolve the injunctional order, setting up specific reasons in support of each motion. September 26th an order was entered in which it is recited that the cause came on to be heard on the motions of defendants, ''and the Court having heard the arguments of counsel upon both of said motions and being fully advised in the premises, and the counsel for the defendants . . . having interposed a motion to withdraw said motion in the nature of a demurrer to the complaint,'' it was ordered that the defendants' motion to dissolve the injunction be denied, and it was further ordered that defendants be given leave to withdraw their motion to dismiss the complaint, ''and that said defendants answer under oath said complaint within fifteen days.'' Defendants seek to reverse the order denying their motion to dissolve the injunction.

The complaint alleged that defendant Mary Sheehy Koerber was plaintiff's daughter and Edward Koerber, the other defendant, her husband; that for many years plaintiff had a savings account in the Continental Bank of Chicago in the joint name of himself and other members of his family, at different times, and that on June 15, 1934, the account was in the joint names of himself and his daughter, Mrs. Koerber, on which date there was on deposit $9,600.62; that for some time prior to June 15th his daughter had been urging him to withdraw his money from the bank and to permit her to put it in some safety deposit box; that at any time plaintiff desired to withdraw any money from the box she would do it for him; that for many years plain-

tiff had worked as a checker for the Illinois Central Railroad company and had no opportunity to go to a bank or to a safety deposit box during business hours, and that the entire $9,600 was made up of plaintiff's savings; that no part of it was contributed by defendant Mary Sheehy Koerber; that the money was in the bank in the joint names of plaintiff and his daughter for the sole purpose of enabling her to make withdrawals when plaintiff should so desire; that on or about June 15, 1934, upon his daughter's earnest solicitation he delivered the savings bank account pass book to her and a note to be given to the bank to permit her to withdraw the entire amount on deposit so that his daughter could place the money in a convenient safety deposit box; that thereafter the daughter informed him she had secured a safety deposit box in the Chicago City Bank and Trust Company and had placed the money in the box where it would remain until plaintiff needed it; that the daughter at no time informed him she had taken any of this money out of the box; that recently, when plaintiff requested his daughter to withdraw some of the money for him she, on one pretext or another, failed, refused and neglected to do so; that he became suspicious; that afterward, through his attorney, he investigated the records of the recorder's office and learned that his daughter, who had been living at 6732 South Lincoln street, Chicago, as a tenant, had, after the withdrawal of the money by her from the box, purchased the property, the premises being conveyed to her and her husband as joint tenants by the owners of the property; that the records further showed that release deeds had subsequently been filed of record releasing certain mortgages on the property; that plaintiff had no knowledge as to the amount defendants had paid for the property or for the release of the two trust deeds, but that whatever sum was paid by de-

fendants was from plaintiff's money withdrawn from the deposit box as above stated; that the purchase of the property was without his knowledge, and having been paid for with plaintiff's money the title to the property was in defendants who held their title as trustee for him.

It was further alleged in the complaint, upon information and belief, that the daughter had not used the entire $9,600 to purchase the real estate and that she still held some of the money in a safety deposit box or in some bank, either in her name or in the joint name of herself and husband; that if defendants were notified of the application for a restraining order they would remove the contents of the safety deposit box and withdraw any balance of money which was either in the box or in some bank and therefore he would be unduly prejudiced. He prayed for an accounting, etc. The further prayer was that the injunction issue immediately without notice and without bond; that he had no real estate and that all of his savings was the money in the box and that he was unable to give a bond.

Defendants contend that the order is wrong and should be reversed because the affidavit in support of the complaint was wholly insufficient; that a charge of perjury could not be predicated upon it in case it were held that the injunction had been wrongfully issued.

Defendants, having filed a motion to dismiss the complaint which takes the place of the old demurrer, and having set up in the motion specific grounds that went to the merits of the complaint, and having also filed a motion to dissolve the injunction in which they set up specific grounds, some of which went to the merits of the complaint, the question whether the complaint was properly verified or whether the injunction order was issued without bond and without notice, is immaterial, because, by the motions, the defendants admitted the allegations of the complaint to be true. *Williams v.*

*Chicago Exhibition Co.,* 188 Ill. 19; *Spiegler v. City of Chicago,* 216 Ill. 114; *Decker v. West,* 273 Ill. App. 532. But counsel for defendants say that when the court entered the order denying their motion to dissolve the injunction, and as a part of the same order they withdrew their motion to dismiss, therefore the motion was out of the case. By the order the defendants were given leave to withdraw their motion to dismiss and they were ruled to answer within 15 days. The effect of this was that the defendants confessed their demurrer was wrong and that the bill was sufficient to require an answer. And defendants' motion to dissolve the injunction, as stated, also specified grounds that went to the merits of the bill. For these reasons, the issuance of the injunction without notice and without bond and the claimed insufficiency of the verification were waived.

Defendants further contend that the injunctional order was too sweeping; that the complaint was insufficient because there was no allegation that the defendants were insolvent or unable to respond in damages. The contention cannot be sustained. Plaintiff alleged that the $9,600, which was all the money he had, was taken by his daughter and part of it invested in the real estate, and he was informed and believed that part of it was still in some safety deposit box or bank, and since it was alleged that the money was his, there was no error in enjoining defendants from withdrawing any of it they might have in a safety deposit box or bank.

Defendants made a further point that "A joint owner of a savings account with right of survivorship is entitled to withdraw any or all of the money from said bank for his or her own use." And in support of this counsel say, "the complaint on its face does not allege a cause of action. Giving the plaintiff the benefit of any doubt, the most that the complaint alleges is

that the plaintiff made a gift of his bank account to his daughter and now he wants to retract or revoke a completed gift.'' There is no merit in this contention. There is no allegation of a joint ownership of the savings account and there is no right of survivorship involved nor was there any gift of the money to the daughter. The allegations of the complaint are that the money belonged to plaintiff and that it was kept in the joint names of himself and daughter because he was unable to go to a bank or a safety deposit box during working hours, and that the account was in their joint names, so that she could withdraw the money when he would request her to do so.

The order of the superior court of Cook county appealed from is affirmed.

*Order affirmed.*

McSURELY, P. J., and MATCHETT, J., concur.