Balaban and Katz Corporation, Appellee, v. Murray
Rose et al., Defendants. Appeal of Murray Rose,
Appellant.

Gen. No. 38,694.

Opinion filed February 11, 1936.

ROSENBERG, TOOMIN & STEIN, of Chicago, for appel-
lant; BENJAMIN ROSENBERG, of counsel.

SPITZ & ADCOCK, of Chicago, for appellee.

Mr. Justice John J. Sullivan delivered the opinion of the court.

This appeal seeks to reverse an interlocutory order entered by the circuit court November 27, 1935, denying the motion of Murray Rose (hereinafter referred to as the defendant) to dissolve a temporary injunction issued November 9, 1935, upon the verified complaint of Balaban & Katz Corporation, plaintiff, without previous notice to Rose. The verified return of the service of notice for the application for an injunction *pendente lite* shows that it was served only upon the defendants Eddie Rio and Larry Rio. The other defendants named in the complaint, Ralph Rio, Charles Rio and Murray Rose were not served.

Plaintiff's complaint alleges that it operates approximately 35 motion picture theatres in the City of Chicago, including the Chicago and Uptown theatres; that it enjoys a high reputation and exhibits exclusive reputable motion pictures and vaudeville entertainment; that the defendant Murray Rose is the owner of a certain vaudeville act known as "Rio Brothers"; that the defendants performed their act for plaintiff at the Chicago Theatre during the period commencing October 11, 1935, and ending October 17, 1935, and also performed their act for plaintiff at the Uptown Theatre October 25, 26, and 27, 1935; that the defendants' contract with plaintiff attached to the complaint contains a provision that they would not perform publicly or privately in any manner whatsoever for any person, firm or corporation between the date of the contract and 30 days after the termination of the engagements set forth therein in the city or cities wherein such engagement or engagements shall have been performed, or within 50 miles thereof, without the written consent of plaintiff; and that the compensation to be paid to the defendant Murray Rose was computed in part upon the consideration that for a period of 30 days the de-

fendants would not perform their act for any person other than plaintiff without its consent.

The complaint further alleges that subsequent to the completion of the performance by the defendants of their contract with plaintiff, they entered into a contract to perform their act at the State-Lake Theatre, beginning on November 9, 1935; that plaintiff has absolutely no interest in the ownership of the State-Lake Theatre; that the act which the defendants agreed to perform at the State-Lake Theatre is identical with the one performed at the Chicago and Uptown theatres; that in the event the defendants perform at the State-Lake Theatre they will be performing within 30 days after the termination of their engagements at the Chicago and Uptown theatres; and that the defendants are about to perform said act in defiance of the terms and provisions of their contract with plaintiff, wherein they agreed not to perform in the City of Chicago for a period of 30 days after the termination of their engagement at the Chicago and Uptown theatres.

It is further alleged that plaintiff maintains a policy of first-run, exclusive motion pictures and vaudeville entertainment at the Chicago Theatre, which is a superior policy to that maintained at the State-Lake Theatre; that plaintiff charges a higher price at the Chicago Theatre than the State-Lake Theatre charges; that the public is induced to patronize plaintiff's theatre in preference to the State-Lake Theatre despite the higher admission prices by reason of the fact that the attractions at plaintiff's theatre have a substantial priority in time of appearance over the State-Lake Theatre; that it would be destructive of the business of plaintiff if attractions at its said theatre were to appear within 30 days thereafter at the State-Lake Theatre; that plaintiff maintains a high-grade motion picture and vaudeville entertainment at the Uptown Theatre, which is superior to the policy maintained at

the State-Lake Theatre; that on Fridays, Saturdays and Sundays plaintiff exhibits the finest feature pictures at the Uptown Theatre together with a number of vaudeville acts of unusual ability; that plaintiff charges a higher admission price at the Uptown Theatre than is charged by the State-Lake Theatre; that the public is induced to patronize the Uptown Theatre in preference to the State-Lake Theatre despite the higher admission price by reason of the fact that the attractions at the plaintiff's theatre have a substantial priority in time of appearance over the State-Lake Theatre; and that it is necessary for plaintiff to insist that the vaudeville actors appearing at these theatres shall not perform in any theatre within the area described in said contract within 30 days after performing at plaintiff's theatres.

It also averred that plaintiff has no adequate remedy at law in that damages resulting to it would be impossible of calculation and that the only relief available "is that available to it in equity through the prerogative of injunction, including an injunction *pendente lite,* restraining the defendants."

The complaint concludes with the prayer that the court issue its writ of injunction restraining and enjoining defendants and each of them from performing any vaudeville act of any nature whatsoever publicly or privately for any person, firm or corporation in the City of Chicago or within 50 miles thereof without the written consent of plaintiff until and including November 26, 1935, and, in particular, restraining and enjoining defendants and each of them from performing at the State-Lake Theatre from the date of the issuance of said writ of injunction until and including November 26, 1935; that the court issue a writ of temporary injunction until and including November 26, 1935, or until the further order of the court; and that such other and further orders be entered as to the court may seem proper.

Notwithstanding that defendant Murray Rose had received no notice of the filing of the complaint or of the application for the temporary injunction, the order for injunction entered November 9, 1935, recites that "due notice was served upon the defendants" and provides as follows:

"On motion of Balaban & Katz Corporation, a corporation, complainant herein, by Spitz and Adcock, its solicitors, the Court finding that due notice was served upon the defendants, the Court having considered the verified complaint heretofore filed herein, having heard the argument of counsel and now being fully advised in the premises,

"ORDERS that a writ of injunction issue herein forthwith directed to and restraining and enjoining the defendants, Murray Rose, Eddie Rio, Larry Doe alias Larry Rio, Ralph Doe alias Ralph Rio and Charles Doe alias Charles Rio, and each of them, from performing any dancing or vaudeville act of any nature whatsoever, publicly or privately in any manner whatsoever, for any person, firm or corporation, in the City of Chicago, Illinois, or within fifty (50) miles thereof, without the written consent of the complainant, until and including the 26th day of November, 1935, and, in particular, restraining and enjoining said defendants and each of them from performing at the State-Lake Theatre, located at 190 North State Street, Chicago, Illinois, during any time from the date of this order until and including the 26th day of November, 1935.

"THE COURT FURTHER ORDERS that the Complainant shall give a surety bond to be approved by the Court in that penal sum of ONE THOUSAND DOLLARS as security for the issuance of said writ of injunction."

Murray Rose, appearing specially, made a written motion November 20, 1935, supported by his affidavit, to dissolve and vacate the injunction entered against him November 9, 1935. His affidavit set forth that he resided in the City of New York and was engaged in

business as a manager and producer of acts; that he was not served with notice of any kind or character of the pendency of plaintiff's suit or of the application for an injunction against him; and that said injunction was entered without notice to him of any nature whatsoever.

On November 27, 1935, an order was entered denying the motion of defendant to dissolve the injunction theretofore issued against him November 9, 1935, after finding *inter alia* "from an examination of the motion of Murray Rose presented in open court this day . . . that the said Murray Rose is a resident of the City of New York and State of New York, and at the time said injunctional order was entered . . . was without the jurisdiction of the Court and could not have been conveniently served with notice of the application for said injunctional order."

While other points are urged we deem it necessary to determine only the question as to whether the trial court erred in issuing the injunction against defendant without notice to him when it did not appear from the facts alleged in the complaint or affidavit accompanying same that the rights of the plaintiff would have been unduly prejudiced "if the injunction did not issue immediately, or without such notice."

A careful examination of the complaint discloses that it neither prayed for an injunction without notice nor contained a single averment of fact that would justify the issuance of an injunction under the statute without notice, and, while the injunction order of November 9, 1935, recites that "due notice was served upon the defendants," the record clearly shows and it is conceded that no notice of the filing of the complaint, the pendency of the suit or of the application for the temporary injunction was given to defendant Murray Rose. All decisions of this court and of the Supreme Court are to the effect that an order awarding a writ

of injunction without notice will not be sustained unless facts are made to appear that the plaintiff will be unduly prejudiced if notice was given. (*Clare v. Marks Bros. Theatres, Inc.,* 246 Ill. App. 621 [Abst.].) In passing upon this question in *Grabarski v. Stankowicz,* 179 Ill. App. 45, the court said at pp. 47 and 48:

"It is also claimed that there were no grounds for issuing the injunction without notice. The statute provides that no injunction shall be granted without previous notice of the time and place of the application 'unless it shall appear, from the bill or affidavit accompanying the same, that the rights of the complainant will be unduly prejudiced if the injunction is not issued immediately or without such notice.' Ill. Revised Statutes, chapter 69, sec. 3. In this case the bill and affidavits merely allege on information and belief that 'your orators will be irreparably damaged' unless an injunction is issued without notice, but neither the bill nor the affidavits set up any facts which would warrant such a conclusion.

" 'When a statute requires that a certain conclusion shall be made to "appear" as a ground of proceeding by any tribunal, the facts from which that conclusion follows must be proved to that tribunal, and it should not accept the opinion of anybody else upon the matter.' *Werner Co. v. First Nat. Bank of Miamisburg,* 55 Ill. App. 321.

" 'A mere statement of a conclusion in an affidavit is not sufficient to make it appear that the complainant will be unduly prejudiced if the injunction is not issued without notice.' *Brough v. Schanzenbach,* 59 Ill. App. 407."

In *Brin v. Craig,* 135 Ill. App. 301, the court used this language at pp. 306 and 307:

"This court has spoken many times in no uncertain voice in condemnation of the practice of granting an injunction without notice unless it is made clearly and

indisputably to appear from the facts recited and verified, that the rights of a complainant will be unduly prejudiced unless the same be granted without notice. No presumptions are to be indulged in favor of action without notice, but parties must, on facts stated and sworn to, bring themselves within the exception of the statute before being entitled to an injunction without notice. Failing to do so, an injunction granted will be held to be improvident and dissolved. . . .

"The granting of an injunction without notice is to be discountenanced except in a proper case, where the statute has been strictly complied with, and as said in *Chicago City Rys. Co. v. Montgomery Ward & Co.,* 76 Ill. App. 536, 'The extraordinary remedy of injunction without notice should not be allowed except in extreme cases.' "

Although the point is not urged in its brief, plaintiff insisted upon the oral argument of this cause that the filing of defendant's motion to dissolve the injunction constituted a waiver of notice of the application for same and cited *Sheehy v. Koerber,* 282 Ill. App. 543, in support of this contention. In that case the defendant's motion to dissolve the injunction set up specific grounds, some of which went to the merits of the complaint, and it was held that the question whether the injunctional order was issued without notice was immaterial because by the motion, which took the place of the old demurrer, the defendants admitted the allegations of the complaint to be true. We fail to see how the conclusion reached by the court in that case can be at all applicable to the situation presented here. In this case, appearing specially, defendant's motion was made for the sole purpose of dissolving the injunction on the sole ground that it was applied for and entered against him without notice of any kind.

This was an interlocutory order for an injunction entered on an *ex parte* application in so far as the de-

fendant Murray Rose was concerned. Prior to January 1, 1934, when the Civil Practice Act became effective, an aggrieved defendant might in such case appeal to this court by simply filing a bond. However, the Civil Practice Act (Ill. State Bar Stats. 1935, ch. 110, ¶ 255, Rule 31), in order to afford the trial court an opportunity to correct any error it might make in the entry of such orders, changed the practice in this State by providing: ''Where an interlocutory order or decree is entered on an *ex parte* application, the party proposing to take an appeal therefrom shall first present, on notice, a motion to vacate the order or decree. Appeal may be taken if the motion is denied or if the court does not act thereon within seven days from its presentation.'' This procedure is also incorporated in Rule 31 of the Rules of Practice and Procedure of our Supreme Court and Rule 21 of the Rules of Practice of this court.

Thus in order to protect his right to appeal it was incumbent upon defendant to move in the trial court to dissolve the injunction unlawfully issued without notice. Where the record is conclusive that defendant had no notice of the application for the injunction and there was no prayer in the complaint for an injunction without notice, and where the complaint contained no averments of fact from which the conclusion might be drawn that plaintiff ''will be unduly prejudiced if the injunction is not issued immediately or without such notice'' as was the case here, can it be held that, because the hearing on his motion to dissolve resulted in the denial of same, such hearing amounted on his part to a waiver of notice? We think not. Rule 31 of the Supreme Court and Rule 21 of this court specifically provide that an ''appeal may be taken if the motion is denied.'' Under said rules, if the defendant proposes to take an appeal from the entry of an injunctional order without notice on an *ex parte* application, he must

first move to dissolve for want of notice. The defendant having complied thus far with the rule heretofore set forth, it is fallacious to argue that his motion to dissolve or the hearing on same constitutes a waiver of his objection of lack of notice, which bars him from his sole ground and right of appeal.

In any event the purpose of notice is to secure a party a hearing, which the defendant in this proceeding did not receive, even on his own motion to dissolve the injunction. When this motion was first presented on November 20, 1935, the court, after declaring that Rose was "an out-of-town defendant, who wants affirmative relief," and insisting that defendant post a $10,000 bond as the only condition upon which his motion would be heard, continued the hearing on same to November 27, 1935. When the motion came up for hearing again on the last mentioned date, the record discloses that, instead of allowing a hearing on the same, the court, at the suggestion of plaintiff's counsel, entered a five-page order, which, in addition to denying defendant's motion to dissolve the injunction, contained numerous findings of fact, including the finding that "Murray Rose could not have been conveniently served with the notice of the application for said injunctional order," in an obvious attempt to bolster up the original order of November 9, 1935, granting the injunction. Thus, even though we should assume that a hearing on his motion to dissolve would constitute a waiver of his failure to receive notice of plaintiff's application for the injunction, defendant could not be held to have so waived, because he was not afforded a hearing as contemplated by law. It requires no citation of authority to sustain the proposition that the order of November 9, 1935, must stand or fall on the record as it was on the date of its entry, and that after the motion to dissolve was presented, any order entered by the court in an endeavor to cure

manifest error in the entry of the injunctional order was itself erroneously entered. In *Bauer v. Lindgren,* 279 Ill. App. 397, Mr. Justice Scanlan, writing the opinion for this court, said at p. 406:

"Complainant attempts to justify the order of November 3 by a reference to pleadings subsequently entered in this cause. This interlocutory appeal is from the order of November 3 and we must determine the appeal by the record as it was on that date."

In our opinion the temporary injunction of November 9, 1935, was improvidently issued in this cause and defendant's motion of November 20, 1935, to vacate same should have been allowed. Therefore, the order of the circuit court of November 27, 1935, is reversed and the cause is remanded with directions to sustain defendant Rose's motion to vacate the injunctional order of November 9, 1935, as to him.

*Reversed and remanded with directions.*

SCANLAN, P. J., and FRIEND, J., concur.