Joseph Kessie and Mary F. Wheeler, Appellees, v. Mancel Talcott et al., Appellants.

Gen. No. 9,495.

Heard in this court at the October term, 1939.
Opinion filed February 9, 1940. Rehearing denied June 19, 1940.

GEORGE S. McGAUGHEY, of Waukegan, for appellants.

J. A. MILLER, of Waukegan, and CASSELS, POTTER & BENTLEY, of Chicago, for appellees; J. A. MILLER and LESLIE H. VOGEL, ROBERT B. JOHNSTONE and RICHARD H. MERRICK, all of Chicago, of counsel.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

On July 20, 1939, the plaintiffs filed in the circuit court of Lake county their sworn complaint alleging that they were residents of the city of Waukegan and persons of good reputation and character to whom, on May 1, 1939, licenses for the sale of intoxicating liquors were issued by the proper officers of the city and that said licenses have not expired. The complaint then alleged that the plaintiffs have for a long time operated their businesses under previous licenses and that the plaintiff Kessie had invested $10,000 in his business and plaintiff Wheeler $8,000 in her business, that they have always operated their business in strict accordance with the statutes of this State and the ordinances of the city of Waukegan and at no time ever violated any law of the State or the city; that on July 19, 1939 the defendant Mancel Talcott, as liquor control commissioner and as mayor of the city issued written orders revoking said licenses and directing the plaintiffs to immediately discontinue their business; that these orders were delivered to the plaintiffs by the police officers of the city who forcibly removed the licenses from the premises of the plaintiffs. It was

further alleged that no written complaint was filed with the local liquor control commission or commissioner in the form prescribed by law, signed and sworn to by five residents of the city and that no hearing was had and no notice was ever given the plaintiffs, and they were not given an opportunity to be heard upon the question of revocation or ever given an opportunity to present any defense. The complaint then charged that said businesses of the plaintiffs have been developed by careful, diligent and painstaking efforts, that their business has steadily increased and the total volume is large and that by reason of the peculiar nature of their business if their respective places of business are closed and remain closed for more than 48 hours, their customers will be lost and the good will of the business destroyed.

The complaint then alleged that the plaintiffs, on July 20, 1939, filed their appeals from the order revoking their licenses with the Illinois liquor control commission in Chicago. and that copies of their petitions are attached to the complant; that said appeals will not be heard until late in the month of August, 1939, that one of the prayers of each appeal was that the liquor control commission issue orders staying the effect of the orders issued by the defendant Talcott revoking their licenses until the determination of the appeals; that the liquor control commission refused to issue such stay orders upon the sole ground that the commission was without jurisdiction and power to issue such orders; that said appeals are now pending, and each of plaintiffs intend to prosecute the appeals diligently and as expeditiously as the business of the Illinois liquor control commission will permit; that the defendants, their agents and employees and the police officers of the city of Waukegan, under the direction of the defendant William B. Blaylock, chief of police of the city, threaten to prevent plaintiffs from continuing their businesses by prosecutions under the

statutes of the State of Illinois and the ordinances of the said city and by arresting the persons of the plaintiffs and their employees, that up to and including the 19th day of July, 1939, the places of business of both plaintiffs have been operated with strictest attention to all laws of the United States and of the State of Illinois and ordinances of the city of Waukegan, and that at no time have said places been operated in a disorderly or improper manner. The complaint then alleges that the plaintiffs have no adequate remedy at law for the following reasons: 1. The loss and damage they will sustain is such that adequate damage in a suit at law may not be recovered; 2. Numerous suits for damages would be required to be instituted separately by plaintiffs against the individual defendants and others whose names are to plaintiffs unknown; 3. That loss of business, custom and good will is incapable of estimation in money damage; 4. That any such suits at law would necessarily be delayed for long periods of time, during which time defendants and others would be free to enforce the wrongful and illegal orders and cause further damage and injury to plaintiffs. The prayer of the complaint was that a temporary injunction issue immediately upon the filing of the complaint without notice and without bond, enjoining and restraining the said defendants, and each of them, and all of their officers, agents or employees from in any manner enforcing the orders of the liquor control commissioner or commission of the city of Waukegan, and from in any manner interfering with, hindering, obstructing or stopping the businesses of the plaintiffs and that said preliminary injunction may be continued in force and effect until such time as the liquor control commission shall have heard, considered and finally adjudged plaintiffs' appeals.

Upon the presentation of the foregoing sworn complaint to one of the judges of the circuit court, an

order was entered restraining the defendant Talcott as local liquor control commissioner and mayor, the chief of police and others from in any manner enforcing or attempting to enforce the orders of the local liquor control commissioner or commission purporting to revoke the licenses of the plaintiffs and from in any manner interfering with, hindering or obstructing the plaintiffs or their employees in the operation of their businesses. Thereafter the defendants filed their motion to dissolve this preliminary injunction, setting forth seven reasons therefor, the sixth being that the preliminary injunction was issued contrary to law without notice and without bond. Upon notice to the plaintiffs, a hearing was had on July 25, 1939 and thereafter on July 31, 1939 the motion was denied and an order entered directing that the preliminary injunction continue until the final determination of this litigation. The order provided, however, that "the plaintiffs file bonds in the penal sum of $300.00 within five days from the entry of this order and notice thereof to them, with surety to be approved by the Clerk, said bonds to operate retrospectively and to be filed *nunc pro tunc* as of the 20th day of July, 1939, and in the event of failure to file such bonds within the time specified, the injunction heretofore issued on the 20th day of July, 1939, be dissolved." From this order the defendants have appealed.

Section 3, ch. 69, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 109.351], expressly provides that no court shall grant an injunction without previous notice of the time and place of the application having been given to the defendants to be affected thereby unless it shall appear that the rights of the plaintiff will be unduly prejudiced if the injunction is not issued immediately or without notice. Section eight of the same chapter provides that before an injunction shall issue to enjoin a judgment, a bond in double the amount of the judgment must be given and section nine of the same

act provides that in all other cases before an injunction shall issue, the plaintiff shall give bond in such penalty and upon such condition and with such security as may be required by the court or judge, provided, bond need not be required when for good cause shown the court or judge is of opinion that the injunction ought to be granted without bond. Section 10 provides that the bond may be entered into before the clerk of the court from which the writ is to be issued or before the court or judge but the security must be approved by the court or judge granting the injunction. Section 11 provides that all bonds shall be filed with the clerk before the writ issues.

Counsel for appellees insist that the question that this injunction was issued without notice and without bond can only be preserved for review by the entry of a special appearance by the defendants and the filing of a notice to dissolve limited solely to the want of notice and the failure to give bond. We do not think so. Rule 31 of the Supreme Court and rule 2 of this court provide that where an interlocutory order or decree is entered on an *ex parte* application, the party proposing to take an appeal therefrom shall first present, on notice, a motion to vacate the order or decree to the trial court entering such order or decree. Appeal may be taken if the motion is denied, or if the court does not act thereon within seven days after its presentation. In *Balaban & Katz Corp. v. Rose,* 283 Ill. App. 615, relied upon by appellees to sustain their contention, it does appear that a special appearance was entered and the motion to dissolve was limited solely to the ground of want of notice but that case does not hold that a general appearance and a motion to dissolve for lack of notice along with other grounds is not appropriate. In *Lange v. Massachusetts Mut. Life Ins. Co.,* 273 Ill. App. 356, the defendant entered a general appearance and moved to dissolve for want of notice and this practice was approved. Nor do we

think that because other grounds were set forth in appellants' motion to dissolve preclude appellants from urging, upon the hearing in the court below or upon appeal, in this court, their contention in this respect. In the instant case the only motion appellants filed was to dissolve the preliminary injunction. One of the grounds therefor set forth in their motion was that the preliminary injunction was issued without notice and without bond. Under our present practice a defendant filing a motion to dissolve a preliminary injunction should set up all available grounds therefor and it cannot be said that because he sets forth other grounds in addition to those that the preliminary injunction was issued without notice and without bond, that he thereby waives urging those reasons.

Counsel for appellees argue that the allegations of the complaint are sufficient to warrant the issuance of a preliminary injunction without notice and without bond and insist that if the injunction had not been granted appellees would have run the risk of being prosecuted for operating their businesses without a license or if they closed that then their investment, which was substantial, would have been destroyed and their customers would have been lost. These allegations, in our opinion, would not authorize the issuance of the preliminary injunction without notice and certainly not without bond. Evidently the chancellor, upon the motion to dissolve, came to the conclusion that he erred at the time the preliminary injunction was issued in not requiring a bond because he then made a continuance of the preliminary injunction conditional upon appellees filing a $200 bond. If the preliminary injunction should not have issued without a bond, then this subsequent order in no way cures the defect. The order of July 20, 1939 directing the issuance of an injunction and the denial of the motion to dissolve the same are the matters reviewed by this

court upon this appeal. As stated in *Balaban & Katz Corp. v. Rose, supra,* any order that was entered by the court on July 31, 1939 to cure any error in its order of July 20, 1939 would be of no avail. Whether appellees were or were not operating their businesses at the time the complaint was filed and the injunction applied for does not appear from the allegations of the complaint, nor are there any allegations of fact showing why notice to appellants that the preliminary injunction was to be applied for would have in any way prejudiced the rights of appellees, nor does it appear how the rights of appellees would have been prejudiced had the court required a bond to be given by them as provided by the statute.

Where it appears that a preliminary injunction is issued without notice, in a case where notice should have been given, or where the statute requires a bond to be given as a condition precedent to issuing a preliminary injunction and none is required, then it is the duty of this court, aside from any other question and without reference to the merits of the cause as made by the averments of the complaint, to reverse the order denying the motion to dissolve the injunction upon that ground. *Koelling v. Foster,* 150 Ill. App. 130.

In the instant case the injunction is too broad as it restrains appellants from in any manner interfering with, hindering or obstructing appellees or their employees in the operation of their businesses. It was alleged in the complaint that the appeals of appellees to the Illinois liquor control commission would not be heard until late in the month of August, 1939. This writ is binding on appellants until its dissolution or until the order granting it is reversed. *Christian Hospital v. People ex rel. Murphy,* 223 Ill. 244. This writ forbids appellants from in any way interfering with appellees in the operation of their businesses no matter what transpired after the preliminary injunction was issued.

The order denying appellants' motion to dissolve the preliminary injunction is reversed and the cause is remanded to the circuit court of Lake county, with directions to sustain appellants' motion and dissolve the preliminary injunction.

*Reversed and remanded with directions.*