Joseph Wagner, Trading as Wagner Dairy Products, Appellee, v. M. Okner, Appellant.

Gen. No. 41,422.

McSurely, J., dissenting.

Opinion filed October 10, 1940. Rehearing denied October 22, 1940.

ISIDORE FRIED, of Chicago, for appellant; HERBERT B. FRIED and BERNARD A. STOL, both of Chicago, of counsel.

GRABLOWSKI & KANAK, of Chicago, for appellee; HARVEY L. CAVENDER, of Chicago, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal defendant seeks to reverse an order entered by the superior court of Cook county refusing to dissolve a preliminary injunction by which he was enjoined "From purchasing milk, cream, buttermilk and other dairy products of any person, firm or corporation other than Joseph Wagner, . . . during the period beginning May 23, 1940 and expiring May 23, 1941," and from "selling, offering for sale, bartering, exchanging, or giving away at his store located at 4000 So. Ellis Avenue, Chicago, Illinois, . . . the milk, cream and other dairy products of any other firm, person or corporation, except the products of the plaintiff" during the same period of time, and "From the further breach of any of the provisions of the agreement executed" by plaintiff and defendant until the further order of court.

The record discloses that June 5, 1940, plaintiff filed his verified complaint in chancery, the substance of which is that for more than 30 years he has been engaged in buying, selling and distributing milk in Chicago and its suburbs; that defendant conducted a delicatessen store in Chicago where, among other things, he sells milk, cream and other dairy products at retail; that plaintiff has invested at least $100,000

in his plant and sells milk at wholesale to a number of persons who conduct stores; that May 23, 1940, he entered into a written agreement with defendant whereby, in consideration of $100 paid by him to defendant, defendant agreed to purchase exclusively plaintiff's dairy products for a period of 12 months. The agreement further provided that in case defendant did purchase dairy products from any one other than plaintiff during the year covered by the contract, plaintiff should be entitled to recover the $100 together with damages he might sustain by reason of the breach of contract by defendant, or at plaintiff's option the agreement authorized him to obtain an order restraining defendant from purchasing any dairy products from any one other than plaintiff.

It is further alleged that upon the execution of the contract plaintiff daily delivered dairy products to defendant; that May 28, five days after the contract was entered into, defendant refused to accept any further dairy products from plaintiff and since that date has been selling and distributing dairy products which he purchases from other persons unknown to plaintiff in violation of the agreement; that plaintiff, in order to supply defendant with the necessary amount of dairy products under the written agreement had entered into an agreement with divers producers of milk to buy milk from them so that he could fulfill his contract with defendant and other customers; that under such agreement plaintiff was obliged to buy the milk and since the breach of the agreement by defendant, he had no market for such milk and was daily suffering damages; that he fears he will suffer irreparable damages unless defendant is restrained, and prays "that an interlocutory decree be entered herein without notice and without bond" restraining defendant, etc.; that if defendant was notified of the application of an order for a preliminary writ of injunction and the matter went to a hearing it would "unduly and

prejudicially delay this hearing''; that defendant would continue to breach the contract; that other store owners now purchasing their supplies from plaintiff under similar agreements would be encouraged to breach their agreements and that defendant is insolvent and incapable of paying any damages plaintiff might recover against him.

The day after the suit was brought the injunctional order was entered and two days later defendant filed a special appearance and notified plaintiff that he would move to dissolve the injunction on the ground of the failure of plaintiff to give notice and bond. June 19, defendant's motion to dissolve the injunction was denied and this appeal followed.

Section 3, ch. 69, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 109.351] provides: ''No court, . . . shall grant an injunction without previous notice of the time and place of the application having been given to the defendants to be affected thereby, . . . unless it shall appear, from the complaint or affidavit accompanying the same, that the rights of the plaintiff will be unduly prejudiced if the injunction is not issued immediately or without such notice.'' And § 9 of the same chapter provides that before an injunction shall issue in a case such as the one at bar ''plaintiff shall give bond in such penalty, and upon such condition and with such security as may be required by the court . . . Provided, bond need not be required when, for good cause shown, the court . . . is of opinion that the injunction ought to be granted without bond.''

No facts alleged in the verified complaint tend to show plaintiff would be unduly prejudiced if he notified defendant of the application for the writ of injunction. What this court said in *Daigger & Co. v. Kraft*, 281 Ill. App. 548, is pertinent here. In that case it was sought to enjoin defendants from using lists of customers and other information which they surreptitiously abstracted from plaintiff's files while

they were employed by plaintiff. An order for a preliminary injunction was issued without notice. We there said: "Courts of Cook county are in session at all seasons of the year, where an application for an injunction can be had within a few minutes, or at most a few hours." In that case we held the injunctional order was properly entered for the reason that if notice were given defendants might make away with the lists and other data so that the injunction would be of little or no value but such a situation is not involved in the case at bar. Counsel for defendant in the instant case could have been served with notice and within a few hours thereafter the matter could be disposed of by the court and there is nothing in the record that tends to show plaintiff would be irreparably damaged if notice were given. We think the order should not have been entered without notice. *Lange v. Massachusetts Mut. Life Ins. Co.*, 273 Ill. App. 356; *Balaban & Katz Corp. v. Rose*, 283 Ill. App. 615; *Thulin v. National Ice & Fuel Corp.*, 293 Ill. App. 155; *Grossman v. Grossman*, 304 Ill. App. 507; *Kessie v. Talcott*, 305 Ill. App. 627.

We think we ought to say that the language used in a number of opinions in cases such as the *Balaban & Katz, Lange* and *Kessie* cases above referred to (to the effect that where a preliminary injunction is issued without notice in a case where notice should have been given, it is the duty of the court "without reference to the merits of the cause" to reverse the injunctional order), ought to be modified for the reason that in such a situation the merits of the case, as alleged in the complaint or affidavits must be considered to enable the court to pass intelligently on the question whether notice should have been given. Moreover, § 3 above quoted requires this be done. For example, a complaint may allege facts warranting the issuance of a preliminary injunction upon notice but if no notice were given the injunctional order should be reversed.

We are further of opinion that where a motion to dissolve a preliminary injunction specifies as grounds for such motion, the failure to give notice and other grounds which go to the merits, the failure to give notice is not waived. *Balaban & Katz Corp. v. Rose,* 283 Ill. App. 615; *Kessie v. Talcott,* 305 Ill. App. 627. Contrary statements found in cases such as *Sheehy v. Koerber,* 282 Ill. App. 543, must be considered as inaccurate.

We are further of opinion the court should have required plaintiff to give bond as the statute provides. The statute is plain and unambiguous and should be followed. The fact that the order appealed from provided that the injunction issue "without notice and without bond for good cause shown" is wholly insufficient since no good cause is shown by the record. *Johnson v. Crouch,* 224 Ill. App. 105.

The order of the superior court of Cook county is reversed.

*Order reversed.*

MATCHETT, J., concurs.

MR. JUSTICE McSURELY, dissenting: I concur in all that is said in the above opinion concerning the practice in these cases but dissent from the conclusion. I think the order should be affirmed.

(1) The complaint alleged that plaintiff had contracted with various producers for the milk it had agreed to furnish defendant and that defendant's breach left plaintiff with no market for this milk, with resulting damages; that defendant is insolvent and these damages would accrue every day this breach continued. In my opinion this unduly prejudiced the rights of the plaintiff and authorized an injunction without notice.

(2) The contract between the parties authorized the plaintiff, in case of a breach by defendant, to obtain a restraining order. The only condition of obtaining this order was a breach of the contract. This in my

opinion was a waiver by defendant of any right to a previous notice or a bond.