Ronna S. Daskal, Plaintiff-Appellee, v. Melvin H. Daskal, Defendant-Appellant.

Gen. No. 51,079.

First District, Fourth Division.

June 10, 1966.

Rehearing denied June 30, 1966.

Morris L. Simons, of Chicago, for appellant.

Theodore R. Sherwin, of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

A separate maintenance suit was brought by Ronna S. Daskal, hereafter referred to as the plaintiff, against Melvin H. Daskal, hereafter referred to as the defendant. This appeal is taken from the order of the trial court denying defendant's motion to vacate the temporary injunction issued against him. The complaint for separate maintenance was filed on October 1, 1965, and in that complaint there was a prayer that a temporary injunction, without notice and without bond, issue

against the defendant, forbidding him from doing certain things which will later be discussed in detail. On the same day the court entered a temporary injunction. By its order the court enjoined and restrained defendant (1) from instituting proceedings for divorce in any other jurisdiction than Cook County, Illinois; (2) from "entering and occupying the present place of residence of the plaintiff and the minor children, . . . and from in any manner removing or causing to be removed any furnishings or personal property from the said place of residence"; and (3) from keeping company or being with one Sally Shayne, who was also named as a defendant. In its order the court set out that the rights of the plaintiff would be unduly prejudiced unless the injunction was issued without notice, and that good cause had been shown why the injunction should issue without bond.

After the injunction had been issued there were conferences between the parties and their attorneys, and on October 5, 1965, an order was entered in the trial court suspending the injunction and providing that either side could terminate the suspension by motion. The order further provided that it was "without prejudice to any rights the defendant may now have to vacate or dissolve the said injunction."

On November 22, 1965, the plaintiff filed a motion that the suspension of the injunction be terminated. In that motion it was set out that the parties had failed in reconciliation negotiations, and that on November 10 the plaintiff had filed a motion for the defendant to pay alimony and support. In that motion it was also asked that the suspension of the injunction be terminated, and it prayed for an order on the defendant to produce certain books and records for inspection and copying inasmuch as defendant's business partner had removed 70 per cent of the files from his office, and plaintiff feared that the necessary records would be destroyed. The mo-

tion also recited that settlement negotiations which had been pending were withdrawn by the defendant.

On November 24, 1965, the defendant filed his answer to plaintiff's motion of November 22, 1965. In the answer the defendant stated that on October 1, 1965, the plaintiff had wrongfully, without notice and without bond, obtained the stated injunction against him. In his answer the defendant further alleged that upon the receipt of the notice of plaintiff's motion for temporary alimony the defendant had voluntarily furnished copies of his income tax returns, current financial statements and supporting documents to the plaintiff; that all the information asked for in plaintiff's motion with reference to the financial condition of the defendant had already been furnished to the plaintiff, and that attached to the answer was a copy of the defendant's letter advising plaintiff of the disruption of his partnership. It was further stated that the defendant did not have money to make the mortgage payments on the home in which the plaintiff lived and of which she was the beneficial owner.

On November 24, 1965, the defendant filed a verified answer to the complaint for separate maintenance, in which he stated that the plaintiff had urged him to leave the home and that on or about November 26, 1964, he acceded to her request. It is admitted that four children had been born to the marriage and that they resided with the plaintiff. In answer to paragraph 5 of the complaint, which alleged that the defendant had commenced and continued a relationship with the defendant Sally Shayne (a divorcee who lived in close proximity to the residence where plaintiff had lived with her husband and family), the defendant stated that he had been friends with Sally Shayne for over 25 years; that she had been a client of his for over 10 years; that he was rendering substantial professional service to her at the present time and that he also saw her socially. He denied that

473

Sally Shayne had anything to do with his marriage relationship. He also alleged that there were certain itemized articles of furnishings which he had purchased with his own money and which were not part of the household effects. The defendant stated he had no intention of removing his residence from the State of Illinois, nor of instituting proceedings in any other jurisdiction in connection with his marriage to the plaintiff. On information and belief he denied that the plaintiff feared or believed that he ever intended to remove his residence from Cook County, Illinois. He further stated that he had at various times from September 26, 1965, to October 1, 1965, visited with his wife and the children at their home.

On November 24, 1965, the defendant filed a verified petition to dissolve the injunction and suggest damages. In that petition it was set out that the defendant has resided in Cook County substantially all of his life; that he is a public accountant, certified by the State of Illinois; that for the last 18 years he has conducted his business under the name of M. H. Daskal & Co.; that he has always maintained his principal place of business in Chicago; and that up to the time of the filing of the action he maintained his wife and four children in a residence in Glencoe, Illinois, which residence cost approximately $125,000. The motion sets out that there is no authority in law, under the facts alleged in the complaint, to restrain or enjoin a husband from entering and occupying the "marital home." However, if it was assumed that there was such authority, no facts are set out in the complaint which will excuse the giving of notice of the application for relief by injunction. The defendant also alleges that Sally Shayne is a client who in the past has paid him substantial fees and will pay him substantial fees in the future, which fees will be lost if the defendant is restrained by the court from

associating with her; and that a substantial bond should be required of the plaintiff to indemnify the defendant for the loss of his client Shayne and other clients if the injunction is allowed to remain in force. The defendant prays that the injunction heretofore issued be dissolved and that damages be assessed against the plaintiff in the sum of $400.

On November 30, 1965, the trial court entered an order reinstating the injunction and setting defendant's motion to dissolve the injunction for hearing on December 7, 1965. This was done subsequent to appearances having been made on November 29 by counsel for the opposing parties. In the abstract of these proceedings it appears that defendant's counsel stated that he had a right to be heard on whether or not the injunction was going to be in effect again, and the court stated there had been no objection to the orders suspending the injunction. Plaintiff's counsel said that the plaintiff had a right to reinstate it by motion and that the matter had been continued upon the court's suggestion. The court said there should be a hearing and defendant's counsel said that the plaintiff was "entitled to have the injunction again in effect, and at that moment" the defendant was entitled to proceed upon the petition for dissolution. The court stated, "Fair enough. That is the way it will be done."

On December 7 the parties appeared in court and at that time the attorney for the plaintiff inquired if Sally Shayne was in court and said that he had served a subpoena on her. Her counsel said she was not there yet. The court then told counsel to proceed and certain witnesses were sworn. Plaintiff's counsel then stated that he had a witness who was a member of a hotel agency and that she had a registration made by Melvin Daskal and Sally Shayne at a New York hotel. In order to save time counsel asked for an agreement. The defendant's attorney said he thought the issue was a mat-

ter of law which was before the court upon his motion to dissolve the injunction, to which no answer had been filed. Counsel for the defendant said, "There has been no question raised as to the sufficiency of the complaint and the sufficiency of the injunction itself, so that I don't think we need testimony on that, . . ." Defendant's counsel further stated that since a verified petition to dissolve the injunction had been filed (to which there was no answer), he moved that the injunction be dissolved, and that a hearing be held on the question of the assessment of damages. He further stated that the crux of the petition was to dissolve the injunction because it was issued without notice and without bond.

Defendant Daskal was called as a witness on his own behalf. He was shown a copy of his petition to dissolve the injunction and was asked if he had signed the original. Counsel for plaintiff then objected on the ground that the motion was directed to the sufficiency of the complaint and to dissolve the injunction on the ground that it was issued without notice and without bond. The court sustained the objections.

The court, among other things, ordered the defendant and plaintiff to file memoranda of law in support and in opposition to defendant's petition to dissolve the injunction. This was done at the end of the proceedings in which the defendant's counsel chose to proceed on the question of the petition to dissolve the injunction rather than to offer testimony. The memorandum in support of defendant's petition to dissolve the injunction was filed on December 10, 1965, and stated that the injunction must be dissolved because it was obtained without notice as required in chapter 69, section 3 of the Illinois Revised Statutes (1965), which in pertinent part states:

"No court or judge shall grant an injunction without previous notice . . . unless it appears, from the

complaint or affidavit . . . , that the rights of the plaintiff will be unduly prejudiced if the injunction is not issued immediately or without notice."

In the memorandum the defendant asserted that the allegations made by plaintiff to support that portion of the injunction which prohibited defendant from instituting divorce proceedings elsewhere were vague; i. e., the plaintiff broadly alleged that the defendant had "repeatedly stated" that he was going to get a divorce on his terms or leave the jurisdiction. Defendant further asserted that plaintiff had not alleged any acts of defendant as a basis for the other portions of the injunction, and that the "reason for the injunction to issue is based upon the plaintiff's subjective fears unsupported by allegations of any overt activities on behalf of the defendants."

In her memorandum filed on December 15, 1965, plaintiff maintained that her complaint was sufficient on which to base an injunction under the statutory provisions, and that "mere naked allegations were adequate in matrimonial litigation, when the same allegations would be inadequate in the ordinary law suit between strangers"; that the issuing of an injunction is not the act of the party applying for it, but an act of the court, and that issuing a temporary injunction without notice is within the discretion of the court. She also stated that the defendant's memorandum was directed solely to the question of the injunction having been issued without bond and without notice, and that his memorandum did not challenge the sufficiency of the complaint as stating a prima facie case. She again recited the terms of her original complaint and argued that these had been sufficient to indicate that her rights would be unduly prejudiced and that she would suffer irreparable harm unless the court issued the injunction without notice and without bond. She urged that the injunction was neither

477

broad nor drastic but merely preserved the status quo; that her fears were well founded; that the defendant recognized the propriety of the court's order in issuing the injunction without notice and without bond because he requested a hearing on his petition to dissolve, and the defendant was called as a witness in support of that petition, and that such action constituted a waiver of the right to dissolve an injunction solely on the question of its issuance without notice and without bond.

On December 17, 1965, the trial court entered an order denying defendant's petition to dissolve. At the same hearing the court entered an order dismissing Sally Shayne as a party to the suit. From the order of the court denying the motion to dissolve the injunction this appeal is taken.

In 21 ILP Injunctions § 123, p 621, it is stated that want of notice of an application for a temporary injunction may be taken advantage of either by appeal from the order granting the injunction or by motion to discharge the order. A party cannot raise the question of notice after a hearing on a motion to dissolve the injunction (§ 139) unless the failure to give notice is expressly urged as a basis for the motion. (Citing Stenzel v. Yates, 342 Ill App 435, 96 NE2d 813; Wagner v. Okner, 306 Ill App 601, 29 NE2d 385; Kessie v. Talcott, 305 Ill App 627, 27 NE2d 857.)

In Wagner v. Okner, 306 Ill App 601, 29 NE2d 385, Mr. Justice O'Connor said:

> "We think we ought to say that the language used in a number of opinions in cases such as the Balaban & Katz [283 Ill App 615], Lange [273 Ill App 356] and Kessie [305 Ill App 627] cases above referred to (to the effect that where a preliminary injunction is issued without notice in a case where notice should have been given, it is the duty of

the court 'without reference to the merits of the cause' to reverse the injunctional order), ought to be modified for the reason that in such a situation the merits of the case, as alleged in the complaint or affidavits must be considered to enable the court to pass intelligently on the question whether notice should have been given. Moreover, § 3 [Injunctions] above quoted requires this be done. For example, a complaint may allege facts warranting the issuance of a preliminary injunction upon notice but if no notice were given the injunctional order should be reversed.

"We are further of opinion that where a motion to dissolve a preliminary injunction specifies as grounds for such motion, the failure to give notice and other grounds which go to the merits, the failure to give notice is not waived. Balaban & Katz Corp. v. Rose, 283 Ill App 615; Kessie v. Talcott, 305 Ill App 627."

In the instant case there is nothing in the complaint which would indicate that the rights of the plaintiff would be unduly prejudiced if notice had been given of plaintiff's application for the injunction. The order of the court denying defendant's motion to dissolve the injunction is reversed, the injunction is dissolved, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DRUCKER, P. J. and ENGLISH, J., concur.