## Ernst E. Lehmann, Appellant, v. Wesley Shimeall and John W. Dorgan, Appellees.

### Gen. No. 20,871.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed December 8, 1915. Rehearing denied December 21, 1915.

## Statement of the Case.

Bill by Ernst R. Lehmann, complainant, against Wesley Shimeall and John W. Dorgan, defendants, in the Circuit Court of Cook county, praying relief against notes alleged to be usurious. From a decree dissolving a preliminary injunction and dismissing the bill for want of equity, complainant appeals.

FRANCIS W. WALKER and CHARLES E. SELLECK, for appellant.

JONAS O. HOOVER, for appellees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 16*—*when right of appeal from order does not exist.* Since the right to appeal is entirely statutory, no appeal lies from an order dissolving an injunction under section 123 of the Practice Act (J. & A. ¶ 8661), providing for appeals from interlocutory decrees granting an injunction, overruling a motion to dissolve, and enlarging the scope of such injunction.

2. APPEAL AND ERROR, § 270*—*when order not final so as not to authorize appeal.* An order dissolving a preliminary injunction is interlocutory and not final, and therefore no appeal will lie from such order.

3. APPEAL AND ERROR, § 1853*—*when appeal bond sufficient in form.* An appeal from a decree dismissing a bill is properly before the Appellate Court although the appeal bond recites that "Ernst" E. Lehmann is principal, while in the condition of the bond appellant's name is given as "Ernest" E. Lehmann, "Ernst" and "Ernest" being *idem sonans.*

4. USURY, § 45*—*when bill sufficiently alleges usury.* An allegation in a bill alleging that the notes against which relief is sought were given for double the amount of the loan alleges that the notes were usurious.

5. USURY, § 64*—*when relief will be granted from a usurious transaction.* The question whether a loan is usurious is a question of fact, and in determining the question equity will look at the substance of the transaction, disregarding the color or form given it by the parties, and will not permit parties to evade the statute by any conceivable scheme or expedient, for which reason, if in any form or shape the transaction appears to be usurious, it will be so declared, and the proper remedy applied.

6. USURY, § 65*—*when relief granted in equity.* In equity a complainant praying for affirmative relief against a usurious contract must pay the amount of the loan with legal interest, although at law the whole of such interest is in such case forfeited.

7. EQUITY, § 52*—*when remedy at law inadequate so as to give equity jurisdiction.* Although in an action at law between the original parties to a note, want of consideration is such a defense to the note as to make the remedy at law adequate, yet a bill alleging that at the time when the bill was filed such notes were not yet

First Nat. Bank of Hayward, Wis., v. Gerry et al., 195 Ill. App. 513.

due, and that the holder had threatened and was about to dispose of some of the notes against which relief is sought, states a case where such remedy is inadequate save in a court of equity, for the reason that the defense of want of consideration as between the parties cannot be set up in an action where plaintiff is a bona fide holder.

8.   TENDER, § 20*—*when bill offering to pay into court amount found due sufficient tender.*   An averment in a bill seeking relief against notes alleged to be usurious, which alleges that complainant is ready and willing and offers to pay whatever amount the court may find to be due, is a sufficient tender of such amount to enable complainant to maintain his bill.

9.   EQUITY, § 263*—*when supplemental bill will not aid original bill.*   Where a bill fails to state grounds for relief the defect cannot be cured by a supplemental bill, for the reason that the office of a supplemental bill is to bring before the court matters which have taken place since the bill was filed.

10.   INJUNCTION, § 13*—*when preliminary injunction will issue to prevent disposal of usurious notes.*   A bill praying relief against usurious notes which alleged that such notes were not yet due and that defendant threatened and at the time the bill was filed was about to dispose of some of the notes, and in which a sufficient tender was made to pay the amount legally due on the notes against which relief is sought, *held* to entitle complainant to a preliminary injunction.

11.   EQUITY, § 344*—*when bill should not be dismissed for want of equity.*   Where a bill, with its amendments and a supplemental bill, stated grounds for relief and also entitled complainant to a preliminary injunction, a decree dissolving such injunction and dismissing the bill for want of equity *held* erroneous.