## Claude D. Stephens, Appellant, v. Anton C. Stephan and Stephens Engineering Company, Appellees.

### Gen. No. 25,577.

1. APPEAL AND ERROR, § 270*—*statutory character of right of appeal from interlocutory order.* The right to appeal from an interlocutory order is wholly statutory.

2. INJUNCTION, § 367*—*order dissolving preliminary injunction as not appealable.* An order dissolving a preliminary injunction is interlocutory and not final, and no appeal will lie from such order.

3. INJUNCTION, § 367*—*statute as not authorizing appeal from order dissolving preliminary injunction.* Rev. St. ch. 69, sec. 21 (J. & A. ¶ 6181), providing as to the effect of an appeal from a decree dissolving an injunction, applies only where a final decree is entered which dissolves an injunction, and does not authorize an appeal from an order dissolving a preliminary injunction.

4. INJUNCTION, § 391a*—*what statute covers practice regarding allowance of solicitor's fees on dismissal of appeal from order dissolving preliminary injunction.* The practice regarding the allowance of solicitor's fees on the dismissal of an appeal from an order dissolving a preliminary injunction is covered by Rev. St. ch. 69, sec. 12 (J. & A. ¶ 6172), not by section 123 of the Practice Act (J. & A. ¶ 8661).

Interlocutory appeal from the Circuit Court of Cook county; the Hon. M. W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court. Appeal dismissed. Opinion filed December 3, 1919.

WILLIAM ARMSTRONG, for appellant.

FRANCIS H. McKEEVER, for appellees; CHARLES GOODMAN, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Complainant filed a bill against defendants praying for an accounting and that defendants be ordered to return certain personal property to him. Afterwards a supplemental bill was filed in which the prayer was the same and included a further prayer that the complainant be decreed to be the owner of certain real estate. The supplemental bill also prayed that a preliminary injunction be issued restraining the defendants from prosecuting a forcible detainer suit. On the recommendation of the master, the court granted the preliminary injunction. The supplemental bill was answered and on motion of defendants an order was entered dissolving the preliminary injunction. From this order an appeal was prayed and allowed.

The right to appeal from such interlocutory order is entirely statutory. An order allowing a motion to dissolve a preliminary injunction is interlocutory and not final, and no appeal will lie from such order. *Lehmann v. Shimeall,* 195 Ill. App. 511; section 123, ch. 110, Rev. St. (J. & A. ¶ 8661); *Cahill v. Welch,* 208 Ill. 57. Counsel for defendants in the argument at the bar conceded that the appeal was not authorized by section 123 of the Practice Act, but contended that it was authorized by section 21, ch. 69, Rev. St. (J. & A. ¶ 6181). This is a misapprehension of the meaning of section 21. That section provides that no appeal from a decree dissolving an injunction shall have the effect to keep the injunction in force unless the appeal is prayed at the time the decree is entered and the court shall so order, or unless it is ordered by the Appellate or Supreme Court, after the appeal is perfected, that the injunction continue in force. That section is intended to cover cases where a final decree is entered which dissolves an injunction.

Counsel for the defendants suggests that the appeal be dismissed with an allowance of reasonable solicitor's fees to be taxed as costs, and contends that this is au-

thorized by section 123 of the Practice Act. That section provides for the allowance of solicitor's fees only in cases where an appeal is there authorized but for some reason has not been prosecuted according to law, and does not apply to the instant case. The practice controlling whatever rights the defendants may have in this regard is covered by section 12, ch. 69, Rev. St. (J. & A. ¶ 6172).

Since the appeal is not authorized it will be dismissed.

*Appeal dismissed.*