(No. 14555.—Reversed and remanded.)
ALEXANDER NAGY et al. Appellants, vs. FRANK BELLA et al.
Appellees.

*Opinion filed June 21, 1922.*

SPECIFIC PERFORMANCE—*when it is error to dismiss the bill—
injunction.* A prayer for an injunction until the cause is heard is
merely collateral to the relief prayed in a bill for specific perform-
ance, and it is error, on dissolving the temporary injunction, to
dismiss the bill if the bill, though insufficient in some of its aver-
ments, is capable of amendment.

APPEAL from the City Court of West Frankfort; the
Hon. A. D. MORGAN, Judge, presiding.

FRANK E. TROBAUGH, and LAYMAN & JOHNSON, for
appellants.

J. E. CARR, J. P. MOONEYHAM, and W. F. DILLON, for
appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The appellants, Alexander Nagy and Jeanette Nagy,
filed their bill in the city court of the city of West Frank-
fort praying that appellees, Frank Bella and Victoria Bella,
be required to specifically perform an alleged contract for
an exchange of real estate and personal property. On the
filing of the bill a temporary injunction therein prayed for
was ordered by the judge upon the complainants giving a
bond in the sum of $1000, restraining the defendants from
disposing of the real estate described in the bill or a prom-
issory note of the complainants alleged to have been given
in compliance with the contract. The defendants filed a
paper called a demurrer and answer, in which they set forth
that the bill did not state a cause of action entitling the
complainants to relief; that it appeared on the face of the
bill that it was doubtful, uncertain and inconsistent, and this

was followed by an answer denying *seriatim* each averment of fact contained in the bill, and averring in conclusion that the complainants were indebted to the defendants in a large sum of money loaned to them. A replication to the answer was filed and the cause was at issue on the facts stated in the bill. The defendants filed a motion to dissolve the temporary injunction, alleging as grounds of the motion that there was no equity on the face of the bill; that the material allegations of the bill were denied by the answer, and that the complainants were non-residents and no security for costs had been given, and the bill was uncertain and appeared to be an action at law rather than in chancery. The court, on hearing the motion to dissolve the temporary injunction, dismissed the bill and the complainants appealed to the Appellate Court for the Fourth District. That court transferred the cause to this court.

The bill prayed for the specific performance of an alleged contract, and the temporary injunction until the cause could be heard was merely collateral to the object of the bill. It is not error to dismiss a bill which seeks no other relief than an injunction, if the bill is incapable of amendment and no relief prayed for can be granted; and this may be done even though an answer has been filed. (*Goddard* v. *Chicago and Northwestern Railway Co.* 202 Ill. 362.) If an injunction is not the only relief sought for and is merely collateral, it is error to dismiss the bill on a finding that the complainant is not entitled to an injunction. *Hummert* v. *Schwab,* 54 Ill. 142; *Brockway* v. *Rowley,* 66 id. 99.

The court in the decree stated that the motion to dissolve the temporary injunction was treated by the court as a demurrer to the bill, but if it should be considered proper to do that the bill could not be dismissed, because the objection made was not one that could not be cured by amendment. The argument in support of the decree is, that while the bill stated a contract for an exchange of property, to

which no objection is made, it alleged that the agreement was in writing and the copy of the alleged agreement attached and marked exhibit A was uncertain, indefinite and insufficient, not setting forth the real estate by proper description or corresponding with the averments of the bill. Specific performance is a familiar ground of equity jurisdiction, and the only question would be whether the averments of the bill were sufficient to justify the relief prayed for. It is not claimed that the court erred in dissolving the injunction and there is no argument on the question of the sufficiency of the bill, but there is no doubt that if insufficient the defect could be supplied by amendment.

The court erred in dismissing the bill, and the decree is reversed and the cause remanded.

*Reversed and remanded.*