Liberty National Bank of Chicago, Trustee, and M. & R. Amusement Corporation, Appellants, v. City of Chicago, Appellee.

Gen. No. 45,269.

Opinion filed November 29, 1950. Released for publication February 23, 1951.

JACOB SHAMBERG and PHILIP R. TOOMIN, both of Chicago, for appellants.

JOHN J. MORTIMER, Acting Corporation Counsel of Chicago, for appellee; L. LOUIS KARTON, Head of Appeals and Review Division, and JAMES B. PARSONS, Assistant Corporation Counsel, both of Chicago, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On October 24, 1949, the Liberty National Bank of Chicago, under a certain trust agreement, filed a complaint in the circuit court of Cook county against the City of Chicago for a declaratory judgment and other relief. Plaintiff was the owner of a substantial parcel of land fronting on Columbus avenue in the City of Chicago. It asked for a declaratory judgment, finding to be invalid the Chicago Zoning Ordinance adopted April 4, 1949, prohibiting the erection of outdoor motion picture theaters within the city. The cause was tried on issues of law, no substantial questions of fact being raised. On January 20, 1950, a declaratory judgment in favor of plaintiff was entered, finding the

amendment to the zoning ordinance to be invalid, directing the authorities of the city to approve, as being in compliance with the Building Code and zoning ordinances, the plans attached to the complaint, directing them to issue all permits necessary for the construction of an outdoor theater on the premises, and reserving jurisdiction to enjoin the defendant from enforcing against the realty the provisions of the zoning ordinance amendment held to be invalid, and also reserving jurisdiction by supplemental proceedings to enforce the judgment. Notice of appeal was filed by the city. The appeal was not perfected and was dismissed on April 17, 1950.

On June 13, 1950, plaintiff and M. & R. Amusement Corporation filed a sworn petition stating that on April 19, 1950, the Building Commissioner of Chicago issued to the amusement corporation, which had entered into a long term lease with plaintiff to construct and operate an outdoor theater, a building permit in accordance with the declaratory judgment; that upon the issuance of the permit the amusement corporation let various contracts for the erection of the required structure; that contractors were at work on the site, employing a large number of workmen and utilizing heavy machinery and large quantities of material which were being brought to the site daily; that on June 8, 1950, without giving notice or making demand, police officers of the city summarily ordered the movement of vehicles over the highway curb lines and on to the premises of petitioners, stopped, allegedly upon the instructions of the Commissioner of Streets; that the petitioners ascertained that the city claimed jurisdiction over the unpaved portion of the highway roadbed; and that it would not permit the movement of vehicles and materials over the unpaved roadbed without the filing of an application with the Department of Streets and the obtaining of a permit to do so. The petition

further averred that the premises front on a state highway, constructed in whole or in part with funds provided by the State, and was a primary road in the State Highway System; that under the law the immediate jurisdiction over and the primary administrative and financial responsibility for the highway is vested in the Department of Public Works and Buildings of the State; that the plans of the theater were approved by the Building Commissioner in issuing the building permit; that the plans provided for a number of exits and entrances across the lot lines and on to the state highway; that because there are no public streets or highways intersecting the premises it was necessary to transport materials and equipment across the curb lines; and that after making due application the amusement corporation obtained a permit from the Department of Public Works and Buildings, granting it the right to move materials and equipment over the curb lines of the highway, and also the right to remove portions of the existing curb and gutter so as to tie into the state highway, the driveways affording access by the public to and from the premises.

The petition made respondents thereto, the City of Chicago, its Commissioners of Police, and Streets and Buildings, and asked that they be required to answer, pointing out the basis of their authority over the state highway, also asked for a construction of the pertinent statutes and ordinances, and a determination of the obligations of petitioners to the city and state with regard thereto. The petition prayed for a temporary injunction, restraining the respondents from interfering with the orderly movement of traffic, materials and equipment across the state highway and on to the premises, pending a full hearing. On June 13, 1950, after argument and examination of the petition, the court granted a temporary injunction, without bond, against respondents, their deputies, agents and employees,

commanding that they and each of them desist and refrain from in any manner interfering with the orderly movement of vehicles, materials and other equipment over the curb lines and unpaved highway adjacent to the northerly side of Columbus avenue, and from in any manner interfering with the progress and construction of an outdoor theater in accordance with plans theretofore approved and made a subject of the declaratory judgment theretofore entered, until the court should order to the contrary. On the same day an injunction writ was issued and served on all of the respondents. An answer was filed by respondents on June 16, 1950, setting up certain defenses. The answer prayed only that respondents be discharged with their reasonable costs. It did not ask for affirmative relief. On June 28, 1950, an order was entered permitting the amusement corporation to intervene "as a party" and its attorney to file his appearance. On July 5, 1950, plaintiff and the amusement corporation filed its reply to the answer of respondents. Therein they averred that after the issuance of the building permit and after construction contracts had been let, based on the approved plans and specifications and after completion of a substantial amount of work pursuant to these construction contracts, the city then adopted the new ordinance concerning outdoor motion picture theaters referred to in respondents' answer; that the city was estopped to assert the new ordinance against petitioners; that the provision of the declaratory judgment would be violated if the new ordinance were held to be applicable to petitioners; that an attempt to comply would necessitate the junking of expensive improvements already installed; that if the new ordinance be applicable to the work under construction, it is unconstitutional; that as to the point made in the answer concerning noncompliance with the Chicago ordinance relative to driveways, petitioners first urged as a de-

fense *res judicata,* then pointed out that there were no parkways or sidewalks adjacent to the premises; that the plans approved in the declaratory judgment provided for driveways from the premises in question to the state highway; and that the driveway ordinance was void for violation of certain enumerated provisions of the State and Federal Constitutions.

On July 12, 1950, one of the defendants, City of Chicago, filed its notice that it would move the court for leave to file an answer within 30 days "to the plaintiff's reply heretofore filed herein, and for a reference to a Master in Chancery for the taking of testimony, and report to the court and shall further move for the entry of an order on plaintiff to stop and desist from doing any work on the property involved, until the disposition of this action." On the same day the court entered the following order:

"On motion of John J. Mortimer, attorney for defendant herein that the matter be referred to a Master in Chancery for the taking of testimony and for the making of findings of fact and law and a report thereof, it is hereby ordered that this cause be and the same is referred to Philip Mitchel, Master in Chancery of this court as moved, and the court being fully advised it is further ordered that all work on the property involved herein be stopped by the plaintiff and the plaintiff desist from doing any work on the project until the disposition of this action."

On the same day plaintiff and the amusement corporation appealed from the last-mentioned order by having a bond in due form approved by the clerk of the circuit court. At the threshold we are faced by a jurisdictional question. The parties could not, either by failing to raise the question, or by consent, confer jurisdiction to review the order if, in fact, the order appealed from was not an appealable order. *Brauer*

*Machine & Supply Co. v. Parkhill Truck Co.,* 383 Ill. 569, 573. The order from which the appeal is prosecuted is an interlocutory order. An appeal from an interlocutory order may be prosecuted under the provisions of section 78 of the Civil Practice Act [Ill. Rev. Stat. 1949, ch. 110, par. 202; Jones Ill. Stats. Ann. 104.078]. Under that section an appeal may be taken from an interlocutory order granting an injunction, enlarging the scope of an injunction, or overruling a motion to dissolve the same. There is no provision for an appeal from an interlocutory order sustaining a motion to dissolve an injunction. *Stephens v. Stephan,* 216 Ill. App. 107. The order of July 12, 1950, neither required nor waived the giving of a bond under the provisions of par. 9, ch. 69, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 109.357], indicating that the chancellor did not consider that he was granting a temporary injunction. It will be observed that the order was entered on motion of the City of Chicago and states that ''all work on the property involved herein be stopped by the the plaintiff'' and that ''plaintiff desist from doing any work on the project until the disposition of this action.'' The temporary injunction issued on June 13, 1950, restrained not only the defendant but the other respondents as well. That order (of June 13, 1950) restrained defendant and the respondents from interfering with the orderly movement of materials and equipment over the curb lines and unpaved highway adjacent to the northerly side of Columbus avenue, and also from in any manner interfering with the progress in construction of the outdoor theater in accordance with the approved plans. The order of July 13, 1950, does not purport to affect the first part of the temporary injunction issued June 13, 1950. The order of July 13, 1950, in effect dissolves that part of the injunction restraining respondents from interfering with the progress and construction of the outdoor drive-in

theater. The rule that an order allowing a motion to dissolve a temporary injunction is interlocutory and not appealable, is applicable to an order partially dissolving a temporary injunction. The appeal is not from a temporary injunction. It is from an order partially suspending or dissolving a temporary injunction. The appeal is not authorized. Therefore, the appeal is dismissed.

*Appeal dismissed.*

KILEY and LEWE, JJ., concur.