**Al Pearson, Plaintiff-Appellee, v. William G. Behrens, Defendant-Appellant.**

**Gen. No. 10,670.**

Opinion
filed May 15, 1953. Released for publication May 29, 1953.

ELLIS, HAMILTON & GEISTER, of Elgin, for appellant.

LOOZE & KINNE, of McHenry, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

Al Pearson filed a suit in the circuit court of McHenry county against William G. Behrens seeking an injunction and a receiver for property, which the parties owned in partnership. The complaint was filed on December 15, 1952, and was verified by the plaintiff. The suit asked for immediate relief and for an accounting between the parties in which the plaintiff alleged that the defendant was indebted to him in the sum of $3,895. Service of summons was issued and served upon the defendant on the same day that the suit was filed. On December 19, 1952, the plaintiff made an oral motion to have a receiver appointed to take charge of the property and also a temporary injunction. The court appointed a receiver who filed a bond in the sum

of $5,000. The court issued the temporary injunction without notice to the defendant, and without notice of the appointment of the receiver.

On December 22, 1952, the defendant filed his written motion to dissolve the temporary injunction and to discharge the receiver *pendente lite* heretofore granted by the court. The grounds for his motion were that the complaint did not state a cause of action and that the temporary injunction and the appointment of the receiver were improperly issued without notice to the defendant of the application thereof, in that it does not appear from the allegations of the complaint that the rights of the plaintiff would have been unduly prejudiced if notice had been given to the defendant of the application for said temporary injunction and receivership; that no immediate injunction or receivership *pendente lite* were necessary without notice in order to save the plaintiff from harm. The court overruled the motion to dissolve the injunction, and to discharge the receiver. The defendant has prosecuted an appeal to this court.

The plaintiff alleges in his complaint that he and the defendant entered into a contract whereby the plaintiff was the lessee of a certain farm located in McHenry county, and that he and the defendant entered into an agreement whereby the plaintiff was to furnish thirty-seven cows and one bull, and that he had so furnished the cattle as agreed. He further charges that the defendant sold some of the cows and has not properly accounted to the plaintiff for the proceeds thereof; that another one of the cows died, and was sold for two dollars; that the plaintiff purchased another cow to take the place of the one that died; that the defendant wantonly and wilfully neglected to take proper care of the cattle; that he failed to breed the cows at the proper time, and that the defendant refused to pay his share for the replacement of the cows that

had been sold or died; that the defendant failed to fill the silo, but sold corn and hay that should have remained on the farm; that by reason of the negligence on the part of the defendant, eight of the cows are sick and crippled and should be immediately sold, but the defendant refused to sell the same, or permit the plaintiff to sell them; that the defendant is incompetent to control the business of the farm and is unfamiliar with the method of transacting farm business; that unless a receiver is appointed, the plaintiff will suffer further loss and greater injury.

■■ It is insisted by the appellee that the defendant by filing a motion to dissolve the injunction, he has waived all rights he may have had to object to the issuance of the temporary injunction and appointment of a receiver, because of lack of notice to him. Section 78 of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, § 202; Jones Ill. Stats. Ann. 104.078] provides as follows: "Whenever an interlocutory order or decree is entered granting an injunction or overruling a motion to dissolve the same, or enlarging the scope of an injunction order, or appointing a receiver, or giving other or further powers or property to a receiver already appointed, an appeal may be taken therefrom to the Appellate Court." We think this statute clearly gave the right to the appellant to perfect an appeal from the order of the court overruling his motion to dissolve the temporary injunction and to discharge the receiver.

Section 3 of Chapter 69 of Illinois Revised Statutes [1951; Jones Ill. Stats. Ann. 109.351] provides: "No Court or judge shall grant an injunction without previous notice of the time and place of the application having been given to the defendants to be affected thereby, or such of them as can conveniently be served, unless it appears, from the complaint or affidavit accompanying the same, that the rights of the plaintiff

will be unduly prejudiced if the injunction is not issued immediately or without notice."

Section 1 of the Act relating to the appointment and discharge of receivers [Ill. Rev. Stats. 1951, ch. 22, § 54; Jones Ill. Stats. Ann. 106.19] provides as follows: "That before any receiver shall be appointed the party making the application shall give bond to the adverse party in such penalty as the court or judge may order and with security to be approved by the court or judge conditioned to pay all damages including reasonable attorneys fees sustained by reason of the appointment and acts of such receiver, in case the appointment of such receiver is revoked or set aside; provided, that bond need not be required, when for good cause shown, and upon notice and full hearing, the court is of opinion that a receiver ought to be appointed without such bond."

It is conceded in the present case that no notice of the application for the temporary injunction or the appointment of the receiver was given to the defendant and that no plaintiff's bond was given as required by the statute.

In the case of *Skarpinski v. Veterans of Foreign Wars,* 343 Ill. App. 271, it is there stated: "Even when granted upon a full and final hearing, injunctions are considered extraordinary remedies. They are more than extraordinary when granted after notice for a temporary period without issue having been joined and a hearing had. How extraordinary then must be the circumstances under which they should be granted without notice to the opposing party. In the most primitive concepts of justice, one of the fundamental requisites for the exercise of judicial authority over the person or property of another is notice. The exceptions to this rule are rare, indeed. They embrace cases where by a stroke of the pen, a movement of the hand, or a tour de force executed overnight the defendant intends

to and can destroy the substance of the litigation and thus defeat the power of the court to do justice. Caution and circumspection must be the watchwords to guide the court's action and any doubts as to its wisdom must be resolved against the action. Only where these standards are meticulously observed will such orders survive review, for when an injunction is issued without notice in a case where notice should have been given, this court will reverse the order upon that ground without regard to any other question. This has been the law as laid down in decisions of this court for more than half a century."

As before stated, this suit was filed on December the 15th, and summons was served on the defendant the same day. Without notice to him the temporary injunction was ordered and a receiver was appointed on December the 19th. So far as the record shows, there is no reason why the defendant could not have been notified of the application for the temporary injunction. The record is bare of any reason why the plaintiff was not required to give a bond to protect the defendant before the receiver was appointed, as required by the statute. The last overt act that the plaintiff charges the defendant with, was October 18, 1952, and it was nearly two months after this that the suit was started.

██ It is our conclusion that the court improperly overruled the motion of the defendant to vacate the temporary injunction, and to discharge the receiver, as the plaintiff had not made a sufficient showing under the statute, to warrant the court in issuing a temporary injunction, or appointing a receiver without notice to the defendant. The judgment of the trial court is reversed and the case is remanded to the circuit court of McHenry county, Illinois.

*Reversed and remanded.*