Harold Brown and Frank Stevens, Trading as Brown Music Company; James Jansen, Trading as Jansen Music Company; James Anderson, Trading as Anderson Music Company; and Gilbert Crawford, Trading as Gil's Cone Shop, Plaintiffs-Appellees, v. City of Sullivan, Defendant-Appellant.

Gen. No. 9,854.

Opinion

filed June 1, 1953. Released for publication July 2, 1953.

FRANK L. WOLF, of Sullivan, for appellant.

JOHN J. YELVINGTON, of Mattoon, for appellees.

MR. JUSTICE CARROLL delivered the opinion of the court.

This appeal is from an interlocutory order of the circuit court of Moultrie county overruling a motion to dissolve a temporary injunction issued without notice and without bond.

On January 24, 1952, plaintiffs-appellees filed their complaint upon which the temporary injunction issued, alleging in substance that they were engaged as owners in operating certain mechanical entertainment devices such as juke boxes, pinball games, and shuffle-

boards in the City of Sullivan; that defendant, a municipal corporation, on December 10, 1951, adopted a certain ordinance licensing such mechanical devices and providing certain penalties for the violation thereof; that said ordinance is null and void, fatally defective, impossible of enforcement, and imposes an undue, unjustified, and unlawful restraint upon the property of an individual; that said ordinance constitutes an unauthorized exercise of police power; that there is no provision therein for the use to be made of license fees collected thereunder, and is for the purpose of raising revenue only. That there is pending in a justice of the peace court a complaint against one of the plaintiffs for violation of said ordinance; that the defendant, through its officials, is threatening to institute many suits each day against each of the plaintiffs and others similarly situated; that the defendant, through its representatives, is molesting the machines owned and operated by plaintiffs by detaching them and putting them out of operation; and that the plaintiffs are without remedy, except in a court of equity because of the multiplicity of suits threatened.

On February 14, 1952, defendant filed its motion to dissolve the injunction, which motion was heard and denied on April 1, 1952, and the case was set for trial on April 14, 1952.

The defendant urges reversal of the interlocutory order of the trial court on the ground that the temporary injunction should not have been issued without notice and without bond. It is the contention of the plaintiffs that objection to the issuance of an interlocutory injunction without notice is waived by the making of a motion to dissolve. Such a contention is without merit. Supreme Court Rule 31 [Ill. Rev. Stats. 1951, ch. 110, § 259.31; Jones Ill. Stats. Ann. 105.31] provides in part as follows: "Where an interlocutory order or decree is entered on an *ex parte* application,

402

the party proposing to take an appeal therefrom shall first present, on notice, a motion to vacate the order or decree to the trial court entering such order or decree. Appeal may be taken if the motion is denied, or if the court does not act thereon within seven days after its presentation."

 The statute provides that no court or judge shall grant an injunction without notice unless it appears from the complaint or affidavit accompanying the same that the rights of plaintiffs will be unduly prejudiced if the injunction is not issued without notice. Illinois Revised Statutes 1951, chapter 69, paragraph 3 [Jones Ill. Stats. Ann. 109.351]. The question therefore presented is whether plaintiffs by their complaint brought themselves within the exception of the statute. The general rule seems to be that when a complaint is presented to a court praying for relief which the court has jurisdiction to grant upon a final hearing, and such complaint recites facts which give *prima facie* a right to such relief, the court may grant a temporary injunction where the effect will be to maintain the *status quo* of the matters involved. *Baird v. Community High School Dist. No. 168,* 304 Ill. 526. We are therefore not concerned with the decision which might finally be reached upon a hearing upon the merits. In this case, the controlling factor is the sufficiency of the facts recited in the complaint.

██ An examination of the complaint in the instant case does not seem to indicate that the plaintiffs would have been unduly prejudiced or harmed by giving notice of their intention to apply for a temporary injunction. There are no statements of fact in the complaint which reasonably support the conclusion that failure to issue a temporary injunction would result in irreparable damage to the plaintiffs or that a multiplicity of suits would result therefrom. It is the general rule that an injunction should not be granted with-

out notice and bond unless it clearly appears from the complaint that the plaintiffs bring themselves within some established exception to the statute which expressly prohibits the issuing of such injunctions without notice to the defendant and without bond. *Kessie v. Talcott*, 305 Ill. App. 627; *Skarpinski v. Veterans of Foreign Wars*, 343 Ill. App. 271.

■ It is also a well known rule that courts of equity will not interfere by injunction to prevent the enforcement of an ordinance on the ground that it is invalid when the defendant has an adequate remedy at law. *Poyer v. Village of Des Plaines*, 123 Ill. 111.

■ After careful consideration of the complaint in this case, we have reached the conclusion that the interlocutory injunction should not have been issued without giving notice to the defendant.

■ Where it appears that a temporary injunction issued without notice in a case where a notice should have been given, it is the duty of this court, without reference to the merits of the cause, to reverse the order denying the motion to dissolve the injunction on that ground. *Kessie v. Talcott, supra; Koelling v. Foster*, 150 Ill. App. 130.

The order overruling the defendant's motion to dissolve the preliminary injunction is reversed and the cause is remanded to the circuit court of Moultrie county with directions to sustain the defendant's motion and to dissolve the said injunction.

*Reversed and remanded with directions.*