American Dixie Shops, Inc., Plaintiff-Appellee-Cross Appellant, v. Springfield Lords, Inc., William Phillips, Floyd R. Rambach, Defendants-Appellants-Cross Appellees, and Harry B. Luers and Cordie E. Luers, Defendants-Cross Appellees.

Gen. No. 10,052.

Third District.

December 5, 1955.

Released for publication December 27, 1955.

Barber & Barber, of Springfield, for defendants-appellants, Springfield Lords, Inc., and William Phillips, and for defendants-cross-appellees, Harry B. Luers, and Cordie E. Luers; Clayton J. Barber, and Alton G. Hall, both of Springfield, of counsel; Ensel, Martin, Jones & Blanchard, and Arthur M. Fitzgerald, all of Springfield, for appellant, Floyd R. Rambach; James B. Martin, of counsel.

Giffin, Winning, Lindner & Newkirk, and Charles G. Briggle, Jr., all of Springfield, for plaintiff-appellee-cross appellant, American Dixie Shops, Inc.; Robert H. Brunsman, and Walter Siebert, both of Springfield, of counsel.

JUDGE CARROLL delivered the opinion of the court.

The defendants, Springfield Lords, Inc., William Phillips and Floyd R. Rambach (hereinafter referred to as Lords, Phillips and Rambach) appeal from an interlocutory order denying their motions to dissolve a temporary injunction.

The verified complaint was filed January 17, 1955 and alleges: that under a lease dated September 1, 1948 and extension thereof dated April 15, 1954 from defendant Floyd R. Rambach, a copy of said lease and extension thereof being attached to the complaint, plaintiff is in possession of the first floor of certain real estate, described in said lease by metes and bounds, and known as 526 East Adams Street, Springfield, Illinois; that defendant Lords as successor to Betty Gay Vogue, Inc., under a lease from Rambach and Harry B. and Cordie E. Luers is in possession of certain premises known as 528 East Adams Street, Springfield, Illinois and which adjoins the premises occupied by plaintiff on the East; that both of said tracts of land are improved with a three-story brick building; that said buildings are divided by a single wall; that the front of both buildings is improved with a glass window for the purpose of displaying merchandise to the general public; that in approximately the center of the front of said buildings there is an entrance approximately five feet wide and five feet deep extending from the North line of the buildings to a stairway leading to the second and third floors thereof; that on the West side of said stairway entrance, there is an additional glass window approximately four feet in width by eight feet in height which forms a part of the windows located in the front of the building occupied by plaintiff and used for displaying merchandise to the public; that the glass windows and stair entrance, as the same now exist, were installed about July 1, 1936 and have since so remained with the knowledge and consent of the then

and subsequent owners including Rambach; that Rambach leased the second and third floors of the premises occupied by plaintiff to Lords for a term of thirty years beginning January 1, 1955 and purportedly leased to Lords the East three feet of the North twenty feet of the Rambach property or approximately one-half of the stairway leading to the second floor; that by the terms of the plaintiff's lease and extension thereof, the lessors reserved the stairway on the East side of the premises leased to plaintiff for the use by all the tenants of said premises; that defendant Lords through its agent, William P. Phillips is actively engaged in making extensive repairs and alterations to the premises described in its lease by use of lumber, steel and other building materials including the entire closing of the entrance to the stairway and the removing of said stairway and in so doing will close plaintiff's East window fronting on said stairway entrance, thus depriving plaintiff of valuable means of advertising to the public and of its right to light, air and view; that the alteration and repair plans of defendants for the closing of the stairway entrance will constitute continuous and repeated trespasses on plaintiff's premises and will deprive it of its quiet and peaceful use and enjoyment of its leasehold estate; that the noise and dust accompanying such construction will render the use of the building on the premises of plaintiff unattractive, disagreeable and unfit for the purpose of conducting plaintiff's business therein; that defendants are actively engaged in carrying out such plans and unless enjoined by an injunction issued immediately and without notice plaintiff will suffer irreparable injury.

On the day the complaint was filed, a temporary injunction was issued, without notice to any of the defendants enjoining defendants Lords, Phillips and Rambach from closing the entrance to the stairway in question and from in any manner interfering with

133

■■■■■■■■■■■■■■■■■

the light, air and view of the window on the East side of the premises known as 526 East Adams Street. The Writ was served the same day on defendant Lords but was not served on Rambach until April 14, 1955. Harry B. Luers and Cordie E. Luers were later made parties on motion of Rambach.

All of the defendants filed answers and motions to dissolve the temporary injunction. The motions were heard by the court upon the verified pleadings, affidavits, oral testimony and certain exhibits.

On August 3, 1955, the court entered the interlocutory order from which this appeal has been taken. This order allowed the motions of defendants Harry B. Luers and Cordie E. Luers and dissolved the injunction insofar as it affected any part of the Luers property. It denied the motions of all other defendants except insofar as the temporary injunction covered any part of the Luers property.

Plaintiff has taken a cross-appeal from that part of the interlocutory order dissolving the injunction as to the Luers property.

The defendants Lords, Phillips and Luers have filed a motion to dismiss the cross-appeal and suggestions in support thereof. This motion has been taken with the case.

In support of said motion, it is urged that an appeal from an interlocutory order allowing a motion to dissolve a temporary injunction and dissolving the same, in whole or in part, is not authorized by law and hence this court is without jurisdiction to review the order dissolving the temporary injunction as to the defendants Harry B. Luers and Cordie E. Luers.

The authority of this court to review interlocutory orders concerning injunctions is found in Par. 202, Sec. 78, Chap. 110 Illinois Revised Statutes 1953 [Jones Ill. Stats. Ann. 104.078], and reads as follows:

"Whenever an interlocutory order or decree is entered granting an injunction or overruling a motion to dis-

134

solve the same, or enlarging the scope of an injunction order, or appointing a receiver, or giving other or further powers or property to a receiver already appointed, an appeal may be taken therefrom to the Appellate Court: . . ."

■ Under the authority granted by this section of the Practice Act, an appeal may be taken from an interlocutory order granting an injunction, enlarging the scope thereof, or overruling a motion to dissolve the same. Plainly, this section makes no provision for an appeal from an interlocutory order allowing a motion to dissolve a temporary injunction. An order allowing a motion to dissolve is interlocutory and, under the general rule that an appeal may be taken only from a final order, is not appealable. An order partially dissolving a temporary injunction is within the purview of the same general rule and an appeal in such case may not be taken. Liberty Nat. Bank of Chicago v. Chicago, 342 Ill. App. 328.

Plaintiff herein seeks to prosecute a cross-appeal from the interlocutory order dissolving the temporary injunction insofar as the same affected or covered any part of the Luers real estate. If we correctly understand plaintiff's argument, it is to the effect that since the trial court allowed the motion of the Luers to dissolve the temporary injunction as to their real estate but denied the motions to dissolve of all other defendants, on an appeal from such interlocutory order by the defendants, the plaintiff may take a cross-appeal seeking a reversal of that part of the order allowing the defendants motion to dissolve and for affirmative relief by having the temporary injunction continued in force in its entirety.

■ While no case sustaining its position is cited, plaintiff argues that the interlocutory order from which an appeal is authorized by Section 78 of the Civil Practice Act, means the whole order or decree and not a part thereof and that an appeal from a part

of such order overruling a motion to dissolve a temporary injunction brings up for review the whole order; that since said Section 78 further provides that:

"Upon such appeal the Appellate Court may affirm, modify or reverse such interlocutory order or decree, and shall direct such proceedings to be had in the court below as the justice of the case may require."

the Appellate Court has power to make an order substantially affecting the entire interlocutory order of the trial court and that, therefore, plaintiff should have the right to cross-appeal to obtain affirmative relief by way of reversal of the portion of the order dissolving the temporary injunction. Such argument cannot prevail for the reason that there is no statutory authority for the taking of an appeal from an interlocutory order dissolving a temporary injunction. Liberty Nat. Bank of Chicago v. Chicago, supra. That portion of Section 78 of the Practice Act to which plaintiff refers concerns only the authority of the Appellate Court to deal with the subject matter of appeals taken from interlocutory orders where an appeal is authorized.

The rules of the Supreme and Appellate Courts prescribing the practice and procedure by which cases may be reviewed to which plaintiff refers apply to cross-appeals but are not authority for taking such cross-appeals in cases where appeals are not authorized by law.

██ Supreme Court Rule 35 which requires notice of intention to prosecute a cross-appeal within ten days after service of notice of appeal contemplates an appeal from the same judgment that the appellants have appealed from. Parish Bank & Trust Co. v. Uptown Sales & Service Co., 300 Ill. App. 73.

For the reasons indicated, the motion of the defendants to dismiss the cross-appeal of plaintiff is allowed and the cross-appeal dismissed.

Defendants contend that issuance of the temporary injunction without notice was clearly unwarranted and, therefore, the trial court erred in overruling their motion to dissolve the same.

Par. 3, Chap. 69, Illinois Revised Statutes 1953 [Jones Ill. Stats. Ann. 109.351] provides:

"No court or judge shall grant an injunction without previous notice of the time and place of the application having been given to the defendants to be affected thereby, or such of them as can conveniently be served, unless it appears, from the complaint or affidavit accompanying the same, that the rights of the plaintiff will be unduly prejudiced if the injunction is not issued immediately or without notice."

As the above Statute clearly indicates, only in those cases where it appears from the complaint or affidavit accompanying the same that the rights of the plaintiff will be unduly prejudiced is a court warranted in granting an injunction without notice to the defendants of the application therefor.

In passing upon the question whether the temporary injunction should have been dissolved, for failure to give defendants the notice required by Statute, we are not concerned with the merits of the controversy. If it appears from the facts that the issuance of the temporary injunction without notice was not warranted then it would be the duty of this court to reverse the order overruling the motion to dissolve the injunction. Brown Music Co. v. City of Sullivan, 350 Ill. App. 400; Kessie v. Talcott, 305 Ill. App. 627.

Since notice of the application for an injunction can be dispensed with only where it is made to appear to the court that the rights of the plaintiffs will be unduly prejudiced, our first inquiry is directed towards ascertainment as to what facts were advanced by plaintiffs from which the court below concluded that notice to

137

defendants would result in undue prejudice or harm to plaintiff's rights.

In the instant case the motions to dissolve were heard after answers were filed. Upon the hearing both parties filed affidavits and introduced evidence consisting of oral testimony, a plat and photographs of the premises involved showing the condition thereof at the time the injunction was issued. In this situation, the motions to dissolve the temporary injunction are to be decided upon the weight of the evidence. Dunne v. County of Rock Island, 273 Ill. 53.

As is made clear by the Statute, notice of an intended application for an injunction can be dispensed with only when it appears "from the complaint or affidavit accompanying the same" that plaintiff's rights will be unduly prejudiced unless the injunction is issued without notice. The eventual right of a plaintiff to the issuance of a temporary injunction is not a factor in determining whether he is required to give notice to the defendant of his application therefor.

In dealing with defendant's contention that plaintiff has failed to meet the requirements of the Statute pertaining to the giving of notice of its application for the injunction which was issued, we are concerned only with the question of whether it appears from the complaint or affidavits and evidence offered in support thereof that during the time required for the giving of such notice, the defendants intended to and could do something which would amount to destruction of that which is the subject of controversy between the parties and thus obstruct or seriously interfere with the court's power to justly and effectively deal therewith. Skarpinski v. Veterans of Foreign Wars of United States, 343 Ill. App. 271.

With a view to resolving such question we have carefully examined the allegations of the complaint, which in substance are set forth herein, in an effort to ascertain the reason given by plaintiff for asking the court

to dispense with notice of its application for the temporary injunction. These allegations insofar as the same may be pertinent to the question of notice, are that the plaintiff was informed that Lords, by its agent Phillips, pursuant to leases, had entered upon the premises described in the leases including the entrance and stairway and intend and now are actively engaged in making extensive repairs and alterations to the premises, including the closing of the entrance to the stairway and removal of the stairway, blocking off the view of the same, thereby depriving the plaintiff of valuable means of advertising to the public and of its right to light, air and view; that defendant's plans for remodeling its premises are extensive, requiring certain construction which will constitute continuous and repeated trespasses on plaintiff's premises; that although requested to do so by the plaintiff, the defendants have refused to desist from their plans to close the entrance and the plaintiff's window and are now actively engaged in carrying out such intention and will complete the same unless enjoined and restrained by an injunction issued immediately and without notice.

It is obvious from these allegations that the only portion of defendant's plans for alterations of its premises with which plaintiff was concerned was the entrance to the stairway. By its complaint plaintiff sought an injunction restraining the defendants from closing the entrance to the stairway located between the premises known as 526 and 528 East Adams Street. Allegations as to what alterations defendants were actually making in parts of its premises other than the stairway entrance could have no bearing upon the imminence of the closing of such entrance. Allegations as to what might be the result of the operations of the defendants, if not restrained by injunction, without reference to the element of time necessarily involved can have little bearing on the issue as to whether

139

threatened prejudice to the rights of the defendants demanded that an injunction be issued immediately and without notice. The complaint appears to be completely barren of allegations of fact as to what defendants had done or were doing by way of making any structural changes in the stairway entrance which constituted at least a partial carrying out of their alleged plan to close the same, or what defendants could and would do to close said entrance during the short period of delay which would be occasioned by giving notice to the defendants.

The general allegation by plaintiff that defendants "refused to desist from their plans to close the entrance and the windows" and are engaged in carrying out such plan and will complete the same unless enjoined therefrom by an injunction cannot be said to constitute a clear showing by plaintiff that defendants within the very short time required to give the notice required by Statute would or could close the stairway entrance. Allegations as to plaintiff's claimed easement for light, air and view and consequent right to have the entrance remain open cannot serve as a substitute for facts demonstrating the necessity of dispensing with notice. The fact that plaintiff might eventually be entitled to an injunction is not involved in determining the issue as to whether notice should or should not have been given. The duty rested upon the plaintiff of making it clear to the court that the giving of notice might result in undue prejudice to its rights and this could only be accomplished by fact allegations demonstrating that the delay required by giving notice would result in defeating the purpose for which the Writ was sought.

We necessarily conclude that so far as the complaint is concerned, it is devoid of allegations of fact sufficient to justify a court in granting an injunction without notice.

140

The evidence before the trial court on the hearing on the motion appears to lend no support to plaintiff's argument that under the circumstances existing on the date of the issuance of the injunction, no notice to defendants was required.

It is apparent from the record that notice could have been conveniently served upon two of the defendants, namely, Lords and Phillips, as the Writ of Injunction was served upon them on the day of its issuance. The fact that Rambach could not be served would not excuse failure to give notice to the other two defendants, as the Statute requires notice be given to such defendants as can be conveniently served. It also appears that plaintiff's counsel had conferred with counsel for Lords and Phillips whose offices were in Springfield, concerning the subject matter of this suit on several occasions prior to the application for the injunction. The last of such conferences appears to have been on January 14, 1955. Notice of the proposed application could certainly have been conveniently given to counsel for a majority of the defendants in a matter of minutes. Photographs introduced in evidence by plaintiff show the entire front of both 526 and 528 East Adams Street including the entrance to the stairway to be intact except for holes in the supporting column and the ceiling of the East side of the entrance. The photographs show no construction being done on any part of the entrance in which plaintiff claims rights or any preparations for construction, such as scaffolding or a protective sidewalk barricade. These photographs disclosing as they do that on the day the injunction was issued the defendants' contemplated construction plans had not progressed beyond the preliminary or exploratory stage, seem to refute any contention that the closing of the stairway could have been accomplished in the very short time required for giving notice to defendants. It further appears from the uncon-

141

tradicted testimony of the defendant Phillips that if the injunction had not been issued the stairway entrance would not have been closed for four or five weeks.

Upon consideration of all the evidence in the record, we are convinced that it does not disclose a situation of such urgency as to entitle plaintiff to the extraordinary remedy of having an injunction issued without notice. This conclusion finds support in many cases. In the Skarpinski case, supra, the court in passing upon a situation very similar to that presented by the instant case, had this to say:

"In the last analysis, to test the necessity for the issuance of an injunction without notice, the court must ask whether in the minutes or hours required to procure a defendant's appearance, defendant could and would do that which would seriously obstruct the court's power to deal justly and effectively with the issue in dispute."

The same rule was applied in Crown Bldg. Corp. v. Monroe Amusement Corp., 326 Ill. App. 430; Stenzel v. Yates, 342 Ill. App. 435; Kessie v. Talcott, supra, and in numerous other cases.

Plaintiff earnestly argues that defendants have waived lack of notice of the application for the temporary injunction by filing their motion to dissolve, in which grounds other than that of want of notice were included and by participation in the hearing of such motions to dissolve.

Section 78 of the Practice Act to which we have previously referred, provides that an appeal may be taken from an interlocutory order overruling a motion to dissolve an injunction.

Supreme Court Rule 31 provides that a party proposing to take an appeal from an interlocutory order or decree shall file a motion to vacate such order or decree. In cases involving the issuing of a temporary

injunction, compliance with the above rule is had by the filing of a motion to dissolve the injunction. The filing of such motion does not waive the defendant's right to appeal but on the contrary is a mandatory requirement to the perfecting of an appeal.

Since the adoption of the above rule, the courts have uniformly held that failure to give notice of an application for a temporary injunction is not waived by the filing of a motion to dissolve or by urging other grounds therein. Pearson v. Behrens, 350 Ill. App. 254; Kessie v. Talcott, supra; Brown Music Co. v. City of Sullivan, supra; Stenzel v. Yates, supra.

██ ██ In view of the holding of our Appellate Courts in the above and other cases, this contention of plaintiff appears to be without merit. Likewise, the contention of plaintiff that defendants are estopped to raise any question of lack of notice because they waited almost three months after the issuance of the injunction before moving to dissolve the same is not supported by any authority which has come to our attention.

A considerable portion of the briefs in this case are devoted to argument on points which arise with respect to plaintiff's claimed rights under its lease. These arguments must be regarded as going to the merits of the controversy. Since we have reached the conclusion that the order denying defendants' motion must be reversed because of failure to give notice, consideration of other points argued is not required.

Upon careful consideration of the record in this case we are of the opinion that it does not disclose any sufficient reason for excusing plaintiff from compliance with the Statute which required notice to defendants of its application for the temporary injunction.

The order overruling the defendants' motion to dissolve the temporary injunction is reversed and the

cause is remanded to the Circuit Court of Sangamon County with directions to sustain the defendants' motion and to dissolve the said injunction.

Reversed and remanded with directions.