**Juel N. Van Dam, Plaintiff-Appellee, v. Raymond C. Van Dam, Defendant-Appellant.**

**Gen. No. 47,827.**

First District, First Division.
March 21, 1960.
Rehearing denied May 9, 1960.
Released for publication April 11, 1960.

Rinella and Rinella, of Chicago (Samuel A. Rinella and Edward J. Fleming, of counsel) for defendant-appellant.

Meyer Weinberg, of Chicago, for plaintiff-appellee.

JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order denying defendant's amended petition under Section 72 of the Civil Practice Act, [Ill Rev Stats 1959, c 110, § 72], seeking to set aside a divorce decree obtained by plaintiff. The principal question is whether there was a proper basis for the court's order waiving the provisions of Sections 7b and 7c, Chapter 40, of the Illinois Revised Statutes, 1959, relating to the "cooling-off" period in divorce cases.

On August 9, 1958, plaintiff filed her praecipe for summons in a divorce suit. It was served August 10, 1958. On August 15, 1958, the following proceedings were had:

Motion for waiver of the 60-day "cooling-off" period provided by Ch. 40, Sec. 7(b), on the ground that plaintiff *"fears"* her husband is creating liabilities that may cause her irreparable injuries, and that it is necessary to establish as quickly as possible her lack of liability for any debts created by him.

An order was entered waiving compliance with Section 7(c).

An order was entered restraining defendant from purchasing, charging, or opening charge accounts, and that such injunctional order issue *without notice and without bond.*

The complaint was filed and concurrently an appearance was filed in the name of Raymond C. Van Dam, as defendant and "sel . . . as attorneys therein," signed by defendant.

A stipulation was filed, signed by plaintiff, by plaintiff's attorney, and by defendant *pro se,* in which it was agreed that plaintiff should have the household furnishings in their apartment and that ". . . this cause come on for hearing as in cases of default." It was further agreed that defendant should pay plaintiff the sum of $5000 in cash upon the entry of the decree in lieu of alimony.

The cause was brought to trial, witnesses were sworn and testified, and at the conclusion the court directed plaintiff's attorney to prepare the transcript and decree.

All the foregoing proceedings were had on August 15, 1958. On August 23, 1958, a report of proceedings was filed and a decree entered, allowing the divorce on the ground of adultery, giving plaintiff household furnishings, and ordering and decreeing that defendant should pay $5000 in lieu of alimony.

On October 14, 1958, notice was served of defendant's petition to set aside the decree. On October 17, 1958, the petition was filed pursuant to leave of court. A motion to strike this petition was allowed on January 23, 1959, and leave was given to file an amended petition. On February 21, 1959, the amended petition was filed. It alleged in substance that the decree was entered in violation of Ch. 40, Sec. 7c; that no notice was given to defendant of intention to apply for injunctive relief, and that the writ of injunction was not

served on defendant. It denies charges of adultery, and it charges force, extortion and intimidation; that the affidavit relative to incurring liabilities was false; that it was also false in alleging that plaintiff was without funds; that plaintiff had personal property of the value of $150,000; that plaintiff continued to live with defendant after the divorce; that she concealed from him the fact that she was going through with the divorce; and that defendant did not know of the decree until August 29, 1958, when plaintiff moved the household furniture out of their apartment.

A motion to strike the amended petition was allowed on April 29, 1959, and an order was entered denying the petition, from which order defendant appealed.

The first point made by defendant is that plaintiff failed to make a proper case for waiver of the sixty-day period, as provided by Secs. 7b and 7c, Ch. 40. Section 7b provides that no complaint for divorce shall be filed until the expiration of sixty days from the date summons is served or the day defendant appears in person or by counsel, whichever occurs first. Section 7c provides that the court may in its discretion, upon written notice supported by affidavit setting forth facts showing that immediate action is warranted or required to protect the interests of any party or person who may be affected by a final decree or order, grant leave to file the complaint before the expiration of that period. It is then stated that no decree for divorce shall be entered before the expiration of the sixty-day period provided, unless an affidavit specifically sets forth facts which "satisfy the court that an immediate decree is warranted to protect the substantive rights of any person affected by such decree."

██ It is apparent that on the face of the record the court committed error in waiving the sixty-day period. The ground upon which the court granted this was the averment that plaintiff might become liable

76

under the Family Expense Act, because she "fears" that defendant was creating liabilities which may irreparably injure plaintiff. It is entirely on this *quia timet* averment that the court exercised its discretion. But in the very stipulation filed at the same time, it was shown that defendant was giving plaintiff household furniture of value and was paying her $5000. Before a court can exercise a discretion to waive the sixty-day "cooling-off" period, it must have before it something of substance, not merely a statement that plaintiff "fears" that she will become liable for debts contracted by her husband. The settlement itself shows defendant to be a man of some substance. If the "cooling-off" period can be waived on such a tenuous allegation of fear, unsupported by any verifiable averments, the law will become a dead letter. The exceptions referred to in Sec. 7(c) are allowable only in cases of emergency. They must be treated seriously. They cannot be based merely on suspicion and perfunctory allegations of apprehension on the part of a plaintiff.

In Collins v. Collins, 14 Ill.2d 178, 151 N.E.2d 813, the court set aside a divorce decree obtained upon the ground of drunkenness, where it appeared that the defendant could not have been an habitual drunkard for the space of two years during marriage, as the record on its face showed that the decree was entered less than two years after the marriage. In the instant case it can be seen from the record that plaintiff had no occasion for her alleged fears inasmuch as defendant was giving her the furniture and $5000. The allegations upon which the "cooling-off" period was waived were without foundation.

■ There was no basis for the granting of a temporary injunction without notice and without bond. Skarpinski v. Veterans of Foreign Wars of United States, 343 Ill. App. 271, 98 N.E.2d 858; American

Dixie Shops, Inc. v. Springfield Lords, Inc., 8 Ill.App.2d 129, 130 N.E.2d 532; Brown Music Co. v. City of Sullivan, 350 Ill. App. 400, 113 N.E.2d 208.

■ It is urged by plaintiff that defendant, by the petition itself, had knowledge that the decree was entered; that this knowledge came to him on August 29, 1958; that he took no action until after the expiration of the thirty-day period, that is, until October 14, 1958; and that therefore he is guilty of laches. However, the statute under which the petition is filed, Section 72, provides a limitation of two years after the entry of an order, judgment or decree. This court held in Lingerman v. Elgin, J. & E. Ry. Co., 24 Ill.App.2d 1, 163 N.E.2d 854, that the period of limitation being thus fixed by statute, a petition may be filed at any time within that period.

■ Our decision on the foregoing points makes it unnecessary to pass on the other points made by defendant in his petition. We desire, however, to give consideration to a point made by plaintiff, that is, that the ruling on the first petition was res judicata as to the second petition. Defendant obtained leave to file his amended petition. This in effect gave him the right to file a substitute for his first petition. There is no basis under such circumstances for a plea of res judicata.

The order dismissing the amended petition is reversed and the cause is remanded with directions to deny plaintiff's motion, and for such other and further proceedings as are consistent with the views herein expressed.

Order reversed and cause remanded with directions.

DEMPSEY, P. J. and McCORMICK, J., concur.