Brookin Clayton, Clifton Patton, Leslie Morgan and Houston Davis, Plaintiffs-Appellees, v. Garfield Hubbard, Henry Johnson, and Union National Bank of East St. Louis, Defendants-Appellants.

Gen. No. 61–O–3.

Fourth District.
January 26, 1962.

Raymond J. Nester and Louis Beasley, of East St. Louis, for appellants.

No appearance for appellees.

HOFFMAN, PRESIDING JUSTICE.

The plaintiffs below, alleging that they were duly qualified deacons and trustees of the Morningstar Baptist Missionary Church of East St. Louis, brought suit against the pastor and treasurer of said church. They alleged in their complaint that certain funds were deposited in the defendant bank to be used for a new church, that the individual defendants were refusing to use these funds for such purpose, and that "the plaintiffs fear that the defendants will withdraw, convey and encumber or otherwise dispose of the assets of the said savings account unless restrained by the injunction of this Court." The plaintiffs further allege that they "are not able to furnish bond for the injunction prayed for herein, and if notice of their application for injunction were required to be given

they would be unduly prejudiced." They pray for an accounting, for an injunction without notice and without bond enjoining the defendants from "removing, distributing, withdrawing, conveying, encumbering or otherwise disposing of any of the assets in the Union National Bank, and from attempting to do so," and for specific performance of defendants' "duties." The affidavit to the complaint, sworn to by the plaintiffs, recites "that they have read the above and foregoing complaint, and that all matters and things stated therein are true and correct . . . that unless an injunction is issued as prayed for in said complaint, without notice and without bond, great and irreparable harm and injury will result to them."

The court below, on the same day the complaint was filed, issued the temporary injunction prayed for, without notice and without bond. Defendants then filed a motion to dissolve the temporary injunction and to dismiss the complaint. This motion was denied and defendants have taken this interlocutory appeal from that order. The plaintiffs have not appeared here, by brief or otherwise.

It is the defendants' theory that the complaint filed herein was wholly insufficient under Chapter 69, Illinois Revised Statutes, 1959, and that the granting of the temporary injunction was in direct and positive violation of Section 3, Chapter 69, above referred to; that the complaint and affidavits for the issuance of the temporary injunction contain no facts showing that the rights of the plaintiffs would be unduly prejudiced if the injunction were not issued immediately and without bond; that the allegation of the complaint that plaintiffs would be unduly prejudiced if a notice of application for injunction were required to be given is a mere conclusion not supported by any alleged specific facts; and that the injunction was improvidently issued without bond as required by statute.

441

■ On the subject of notice, the statute (Ill Rev Stats 1961, c 69, par 3) provides that a temporary injunction shall not be granted without notice unless it appears "from the complaint or affidavit accompanying the same, that the rights of the plaintiff will be unduly prejudiced if the injunction is not issued immediately or without notice." The cases are clear that the pleadings must contain an allegation of facts from which the court can infer the need for protecting the plaintiff from undue prejudice which would arise if notice to the adverse party were required. A mere statement of a conclusion substantially in the words of the statute is insufficient. Facts upon which the conclusion may be inferred is a prerequisite before the injunction may issue without notice. See, for example, Stenzel v. Yates, 342 Ill App 435, 96 NE2d 813; Tri Square Realty Corp. v. Bressler, 17 Ill App2d 336, 149 NE2d 798; American Dixie Shops, Inc. v. Springfield Lords, Inc., 8 Ill App2d 129, 130 NE2d 532; Brown v. City of Sullivan, 350 Ill App 400, 113 NE2d 208; Hawkins v. Guerdon, 351 Ill App 515, 115 NE2d 441.

Regarding the furnishing of a bond, the statute (Ill Rev Stats 1961, c 69, par 9) provides that the plaintiff shall give bond in such penalty as the court requires unless "for good cause shown, the court or judge is of opinion that the injunction ought to be granted without bond."

■ The only thing before the court at the time it granted the temporary injunction in the instant case was the verified complaint. We are therefore directed solely to the complaint to determine whether or not the statutory authorization for the issuance of a temporary injunction without notice and without bond was followed. In the first paragraph of this opinion we have quoted everything contained in the complaint and attached affidavit which bears upon the giving of notice or bond. A careful examination shows that no

averments which would dispose with the necessity of notice or the giving of a bond are contained within the complaint. The complaint and affidavit are silent on the subject except for the general statement that plaintiffs "are not able to furnish bond for the injunction prayed for herein, and if notice of their application for injunction were required to be given they would be unduly prejudiced . . . and great and irreparable harm and injury will result to them." These statements are mere conclusions and cannot justify failure to give notice or to give proper bond. Stenzel v. Yates, supra. It was therefore error not to dissolve the temporary injunction.

■■ The appellants have requested not only that we reverse the order of the trial court which overruled their motion to dissolve the injunction, but, in addition, have asked that we also reverse the case and remand it to the trial court with directions to enter an order dismissing the suit on the grounds that the complaint was insufficient to show injury to the plaintiffs.

When there is an interlocutory appeal from an order overruling a motion to dissolve a temporary injunction, the defendant may urge that the complaint does not set forth grounds for any relief and that therefore he is entitled to dismissal. Biehn v. Tess, 340 Ill App 140, 91 NE2d 160; Spies v. Byers, 287 Ill 627, 122 NE 841; Curran v. Harris Trust & Sav. Bank, 348 Ill App 210, 108 NE2d 729. However, the authority to dismiss the complaint is limited to those cases in which no other than injunctive relief is requested.

It is stated in Goddard v. Chicago & N. W. Ry. Co., 202 Ill 362, 365, 66 NE 1066, that when an injunction is collateral to the main object of a bill and other relief is sought which may be granted upon final hearing, the bill should not be dismissed on dissolution of the injunction but should be retained and proceed to

such final hearing. When the only relief sought by the bill is an injunction, an order dissolving the injunction for want of equity apparent on the face of the bill is in effect an order denying all relief and is a final disposition of the case. In such case it would be entirely useless to go through the form of making proof of the allegations of the bill.

See also Nagy v. Bella, 303 Ill 526, 135 NE 783; Elser v. Village of Gross Point, 223 Ill 230, 79 NE 27.

In the case before us, it is to be noted that plaintiffs sued for an accounting as well as for an injunction and resolving the injunction portion would not necessarily be decisive of the question of the accounting. We would therefore have no authority to order that the complaint be dismissed.

Accordingly, that part of the order of the City Court denying defendants' motion to dissolve the temporary injunction is reversed, the temporary injunction is dissolved, and the cause is remanded.

Reversed and remanded.

CULBERTSON and SCHEINEMAN, JJ., concur.